## MARTIN WRIGHT *v.* WARREN VAUGHN.

### *Conditional Sale.   Change of Possession.*

If one sell and deliver property to another, absolutely, and the parties subsequently make it a conditional sale, a change of possession is necessary, to protect the property from attachment by the creditors of the vendee.

TRESPASS for a wagon.   The case was referred, and the referee reported the following facts :

The defendant purchased the wagon of one Ballou, who bid it off at sheriff's sale on an execution in favor of *Taylor* v. *Bolster*, December 9, 1869.   About the first of April, 1868, one Ainsworth contracted to sell said Bolster a farm, and some personal property thereon, among which was the wagon in question, for all which Bolster gave his note.   Bolster took possession of the farm and property under said contract.   After Bolster went into possession, Ainsworth executed a deed to him; but he would not accept it, as he claimed it was not according to the contract.   On the 24th of June, 1868, Ainsworth executed another deed to Bolster, and put it on record, without submitting it to Bolster, or having any understanding with him as to whether it was according to the contract.   Bolster claimed that he never accepted said last named deed ; but the referee found that, by his acquiescence and acts, he had become bound thereby.   The sale of said personal property by Ainsworth to Bolster, was originally absolute and unconditional ; but Ainsworth inserted in said last named

48

deed, without authority from Bolster, that said property was to be holden till said note was paid ; which the referee found was done to prevent the property from being attached. Some time after the said 24th day of June, Ainsworth sold and transferred said note to the defendant, by virtue of which, the defendant took and claimed title to said wagon. The referee found for the plaintiff to recover the value of the wagon.

The court, at the March term, 1872, WHEELER, J., presiding, rendered judgment on the report for the plaintiff. Exceptions by the defendant.

*Bromley, Clark*, and *J. Prout*, for the defendant, cited *Rothchild* v. *Rowe*, 44 Vt. 389, as to the transfer of the note carrying title to the wagon.

*Harvey Button*, for the plaintiff.

The opinion of the court was delivered by

PECK, J. The referee having found that at the time the trade was made between Ainsworth and Bolster, there was no lien to be reserved to Ainsworth on the personal property, of which the wagon in question is part, but that it was then sold and delivered absolutely to Bolster, which was about April 1, 1868, we must regard this finding of the fact as conclusive. No attempt was made to create any lien or condition in favor of Ainsworth upon the personal property till June 24th of the same year, when Ainsworth executed and caused to be recorded the deed of the farm to Bolster, without the knowledge of Bolster, and without submitting the deed to him, or having any understanding with him whether it was according to the contract ; and without any agreement with Bolster to that effect, inserted in the deed the condition as to the personal property, without any authority from Bolster. Whether the implied acceptance of the deed by Bolster by his continuing to occupy the premises under it, as found by the referee, bound him by the provision therein as to the personal property, so as to convert the absolute sale into a conditional one, dependent upon the payment of the note, as between Ainsworth and Bolster, is not necessary to decide. Whatever

might be the effect of that provision in the deed, as between vendor and vendee, the property in question having gone into the possession of Bolster by delivery under an absolute sale to him, it thereby became attachable as the property of Bolster ; and a subsequent stipulation creating a lien upon it, or attaching a condition to the sale, in favor of Ainsworth, unaccompanied by any change of possession, would not protect the property from such attachment.   Therefore, the levy of the execution in favor of Taylor against Bolster, Dec. 9, 1869, upon the wagon, was legal ; and the purchase of it by Ballou at the officer's sale on that execution, and the plaintiff's purchase of it of Ballou, vested the absolute title to the wagon in the plaintiff; and the subsequent taking of it by the defendant from the plaintiff, was a trespass.

This view of the case renders it unnecessary to decide whether the transfer of the note by Ainsworth to the defendant operated to convey to him whatever right Ainsworth had to the wagon under the provision in the deed already mentioned.

Judgment affirmed.