<hr />

[No. 7,937.—In Bank.]

## THE CITY OF NAPA *v.* T. F. RAINEY.

MANDAMUS—CONSTRUCTION OF STATUTE—CITY CLERK—SECRETARY.—Under the Act of March 31st, 1876, providing for a supply of water for the City of Napa, and for that purpose authorizing the Trustees of the City to issue bonds, to be signed by the President and Secretary of the Board, the defendant, who was also City Clerk, was elected and qualified as Secretary, and was ordered by the Trustees to prepare and present to the Board a proper form of bond to be adopted and issued, but refused to obey.

*Held,* upon an application for a writ of mandamus, that the Board had no power to elect or appoint a secretary, or to prescribe his duties or the duties of the City Clerk, and as the act required of the clerk was not an official act enjoined upon him by the charter of the city, the application should be denied.

APPLICATION for writ of *mandamus.*

The petition stated that the defendant was elected and qualified as Secretary of the Board of Trustees of the City of Napa.

*W. F. Henning,* and *Wallace, Greathouse & Blanding,* for Petitioner.

If the "Secretary" is to regarded as an officer distinct from the Clerk, then he is a non-elective officer, and "all non-elective officers provided for 'in this Act' shall be appointed by the Board of Trustees." (City Charter, § 4.)

But the "Secretary" named in the "Water Bill" amendment is the "Clerk" named in the third section of the Charter, as originally enacted.

*G. W. Towle, Jr.,* for Defendant.

There is no power conferred upon the Board of Trustees to appoint a Secretary, and any such pretended appointment

is void. The Trustees of the City of Napa had no authority to order or direct the defendant to prepare or submit to said Board a proper form, or any form of bond. The only duty required of the Secretary in the Water Bill is to sign the bonds after they shall be signed by the President, and to sign the coupons.

McKEE, J.:

By Section 6 of an Act of the Legislature of the State, entitled, "An Act to Authorize the Trustees of the City of Napa to Procure a Supply of Wholesome Fresh Water for the Use of the Inhabitants of said City," approved March 31st, 1876, the Trustees of the city were authorized, in carrying out the provisions of the Act, to issue bonds, from time to time, as the same might be deemed necessary, for and in behalf of the city, not to exceed one hundred and twenty-five thousand dollars, of five hundred dollars each, with coupons attached, each payable in gold coin of the United States, not less than five nor more than thirty years from date, with interest at the rate of eight per cent. per annum, payable annually, on the first day of July of each year, and to be signed by the President of the Board and the Secretary, and sealed with the seal of the corporation, except the coupons, which were to be signed by the Secretary alone.

Acting under the provisions of this statute, the Board of Trustees, on July 5th, 1881, passed an ordinance which declared that it was necessary that bonds of the City of Napa, not exceeding in the aggregate the sum of one hundred and twenty-five thousand dollars, should be issued from time to time as might be needed to raise money for the purpose of carrying into execution the object proposed by the statute; and it was ordered that "T. F. Rainey, the City Clerk of the City of Napa, and Secretary of the Board, for all the purposes and duties mentioned in and required of a Secretary by said Act," "do forthwith proceed to prepare, and as soon as practicable, present to the Board a proper form of bond to be adopted and issued by the City of Napa for that purpose— having in view a form of bond which in all matters and particulars shall be in strict conformity with the provisions of the Act of March 31st, 1876." T. F. Rainey refuses to obey;

and this is an application for a peremptory writ of mandamus to compel him to do what he has been ordered. Represented, as the Trustees are, by counsel learned in the law, it would seem as if there ought to be no difficulty in obtaining a draft of a form of a bond which would in all respects conform to the requirements of the statute under which bonds are proposed to be issued. But, however that may be, the question presented by the application is, whether the law under which the Board is acting, has specially enjoined upon the defendant, as a duty resulting from the office which he holds, the drafting of such a bond for the Trustees.

Upon an examination of the Charter of the city and the Statute of 1876, it will be found that such an office as Secretary of the Board of Trustees of the city of Napa has not been created by either the Charter or the Statute, nor has either of them conferred upon the Trustees power to create such an office or to elect or appoint such an officer. There is, therefore, no such officer as Secretary of the Board and no such office. The only officers of the municipal corporation known as the city of Napa are the Board of Trustees, upon whom has been vested the corporate powers of the city, a city Treasurer, a city Assessor, a city Clerk, a city Collector, a city Marshal, and a city Attorney. The Charter of the city makes the Marshal *ex officio* Assessor, and the Treasurer *ex officio* Collector and Clerk. Both Marshal and Treasurer are elective, and hold their offices for one year, and until their successors are chosen and qualified; and they must, before entering upon the duties of their offices, take the oath of office, and give bonds for the faithful performance of their duties. What duties are to be performed by them are prescribed by the Charter, either as originally framed or as subsequently amended, or by ordinance of the Board of Trustees, passed in the exercise of the corporate powers conferred upon them by the Charter. By Section 11 of the Charter, the Board are empowered to enact such by-laws and ordinances not inconsistent with the Constitution and laws of the United States and of the State, as they may deem necessary or proper, in the exercise of the powers conferred upon them. But the Charter has not conferred upon them power to create the office of Secretary of the Board, nor to elect or appoint

a Secretary. There was no reason or necessity for such an office, because the Legislature had, by the Charter of the city, specified all the offices, and designated all the officers to be elected. Among these was a Clerk, whose duty it was to act in that capacity for the Board of Trustees. In discharge of his duties he can act only in conformity with the law under which he was elected or designated. He can perform no act other than that enjoined or reasonably implied from the provisions of the Charter itself. No such duty as the preparation of the draft of a bond for the consideration, approval, and adoption of the Trustees has been enjoined upon him by the Charter. And the Board had no power conferred upon them to prescribe his duties.

The only power conferred upon the Board to prescribe the duties of any of the officers of the city is to be found in Section 12 of the Charter, which reads as follows: " The Board of Trustees shall prescribe by ordinance the duties of the Marshal, Assessor, and Treasurer." That confers no power to prescribe the duties of the Clerk. Although he was Clerk by virtue of the office of Treasurer to which he was elected, the two offices were as distinct and separate as though filled by different persons. The duties and obligations of the one are entirely independent of the duties and obligations of the other.

As, therefore, the Board had no power to elect or appoint a Secretary, or to prescribe his duties, or the duties of the City Clerk, and as the act required of the Clerk is not an official act enjoined upon him by the Charter of the city, the application of the plaintiff is denied.

MYRICK, J., SHARPSTEIN, J., MORRISON, C. J., and THORNTON, J., concurred.