[L. A. No. 14653. In Bank.—June 26, 1934.]

COUNTY OF SAN DIEGO (a Political Subdivision of the State of California), Appellant, v. A. LEAMAN DAVIS, Respondent.

146

Thomas Whelan, District Attorney, and Edward W. Goodman, Deputy District Attorney, for Appellant.

Hillyer & Boldman for Respondent.

THE COURT.—This action is brought to collect a property tax on an automobile from the person shown by the records of the California motor vehicle department to be the "legal owner". The lower court sustained a general demurrer to plaintiff's complaint, and judgment for defendant was entered accordingly.

Prior to March, 1933, a dealer sold the automobile to a buyer under a conditional sale contract, and in accordance with the provisions of the California Vehicle Act (Deering's Gen. Laws, 1931, Act 5128), the dealer was noted as the "legal owner", and the purchaser as the "registered owner". The dealer assigned the contract to defendant, a finance company, and defendant was then noted as the legal owner. The buyer at all times subsequent to the sale had possession and control of the property. On the first Monday in March, 1933, the car was assessed for taxes in the sum of $22.15, the assessment being against the "owner" of the car. The single question before us is whether the legal owner or the registered owner is the party liable for such tax. Plaintiff county contends that the assessor may, in his discretion, impose the liability upon either party, and that his choice of the legal owner, rather than the registered owner, cannot be attacked as double taxation in spite of the fact that the conditional seller is subjected to a tax on the "solvent credit" represented by his contract.

The trial court determined that the registered owner was the party liable for the tax, and that the legal owner was not liable. This holding follows the established practice throughout the state, and is both sound and practical. The imposition of personal liability for the tax on finance companies which have no use or control over the

car, instead of on the party having the beneficial use, finds no justification in the statutes. The tax must be levied on the owner of the property, but this does not necessarily mean the holder of the legal title. In a conditional sale, the title in the seller is for security only, to assure the payment of the purchase price. It carries with it none of the ordinary incidents of ownership. The buyer has the possession and use of the property to the complete exclusion of the seller, subject only to the seller's remedies in case of default. Both in a practical and a legal sense the buyer is the beneficial owner. (See *Walker* v. *Houston,* 215 Cal. 742 [12 Pac. (2d) 952, 87 A. L. R. 937].)

The precise question at issue in this case was before the Alabama court in *Ex parte State,* 206 Ala. 575 [90 So. 896]. The court there said: " . . . when a statute requires that property be assessed to the owner, we think it means the general and beneficial owner—that is, the person whose interest is primarily one of possession and enjoyment in the contemplation of an ultimate absolute ownership— and not the person whose interest is primarily in the enforcement of a collateral pecuniary claim, and does not contemplate the use or enjoyment of the property as such."

The judgment is affirmed.