[Civ. No. 10326. First Appellate District, Division Two.—January 21, 1937.]

MARCO ALBORI, Appellant, v. COURT SMITH, as Warden, etc., Respondent.

Leo R. Friedman for Petitioner.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The petitioner applied to the Superior Court of the State of California, in and for the County of Marin, for a writ of *mandamus*. The trial court made findings in favor of the respondent. From the judgment denying the writ the petitioner has appealed.

The controversy involved the right of the petitioner to receive an order of release from the state prison located at San Quentin. That controversy arises by reason of certain disputes regarding the legality and effect of certain commitments and certain alleged *nunc pro tunc* orders amending the same. Heretofore the petitioner was indicted for the commission of two different assaults with intent to commit murder. One action was numbered 34,233, the other action was numbered 34,266 of the Superior Court of the State of California, in and for the County of Los Angeles. On September 18, 1928, said court caused a judgment to be entered in action number 34,233 as follows:

"Whereas the said Marco Albori, having been duly found guilty in this court of the crime of assault with a deadly weapon, a felony, it is therefore ordered, adjudged and decreed that the said Marco Albori be punished by imprisonment in the State Prison of the State of California at San Quentin for the term prescribed by law.

"The defendant was then remanded to the custody of the sheriff of the county of Los Angeles.

"Done in open court this 13th day of September, 1928.

"Ten days stay of execution of sentence is granted."

On the same day it caused a judgment in identically the same words to be entered in action number 34,266. On January 28, 1931, the trial court made an order in action number 34,233 as follows:

"It is ordered that the sentence in the above entitled action run concurrently with case No. 34,266.

"This order is made *nunc pro tunc* as of September 13, 1928."

On the same date in action number 34,266 the trial court made the same identical order inserting a different number. On October 27, 1931, at a meeting of the board of prison terms and paroles the matter of fixing the term of the petitioner being under consideration an order was made: "Crime—Assault with deadly weapon—2 counts consecutive—Term 7 years and 7 years—consecutive." Claiming that the board of prison terms and paroles misconstrued the law and that in truth and in fact the term of the petitioner has expired, the latter commenced this proceeding.

Formerly the law applicable to the government of the state prisons was contained in chapter 264, Statutes of 1889. That statute was codified in 1907 and its provisions were carried into title 1, part 3 (secs. 1572–1596) of the Penal Code. At the same time section 1579 was added as new matter.

Formerly the power to fix the term of a prisoner rested with the superior court in which the prisoner was convicted. Chapter 527, Statutes of 1917 (sec. 1168 of the Penal Code) made a material change. It provided that the trial court should sentence the prisoner to be confined in the state prison; but, the power to fix the prisoner's term was vested in the state board of prison directors. Later the powers of that board over such matters were vested in the board of prison terms and paroles. (Chap. 487, Stats. 1931.)

An examination of the statutes discloses that the state prisons are under the government and management of the state board of prison directors. Said board has the power to appoint a warden and a clerk. No clerical duty is imposed on the warden personally. On the clerk is imposed the duty of keeping the accounts and performing "such other duties as may from time to time be required of him by the board of directors". Solely on the board of prison terms and paroles is imposed the duty of carrying into effect the provisions of section 1168 of the Penal Code. It meets at each prison. It is authorized to appoint a secretary and prescribe his duties and it has appointed as such secretary the clerk of the state board of prison directors and has prescribed his duties. The clerk is "the keeper and official custodian of all the official records and files, at, of, in, and for said prison". The statute does not contain any clause that gives to the warden any power to alter, amend, or change any order made by the board of prison directors or made by the board of prison terms and

paroles. Nor do we find any provision that at any time or under any conditions the warden may fix the term of imprisonment of any prisoner. As executive officer of the prison, the warden has authority to examine the records of the action, ascertain the exact judgment which the trial court ordered and report the facts to the board of prison terms and paroles. In a *habeas corpus* proceeding such facts may be inquired into. (*In re Mann,* 192 Cal. 393 [220 Pac. 305].) In such proceedings the limits of the hearing are very broad to the end that it can be ascertained whether the trial court has exceeded its jurisdiction. But this is a proceeding in *mandamus* brought "to compel the performance of an act which the law specially enjoins . . . " (Code Civ. Proc., sec. 1085.) The duty of examining the records and of construing the judgment was by section 1168 of the Penal Code vested first in the board of prison directors and then transferred to the board of prison terms and paroles and said boards were successively vested with jurisdiction to fix the terms of imprisonment. While, as executive officer of said boards, the warden could have made said examination and report to the board, he could go no farther. Any other officer or agent of the board could have made the same examination and report. But in the board of prison terms and paroles the power to construe the judgments and fix the terms was solely vested. If its determinations are to be attacked the board is the party against whom the process should run. The prison records show, or should show, the judgment of conviction of the court rendering the judgment, the action of the board of prison terms and paroles construing that judgment and fixing the term, and the rules and orders of the state board of prison directors made or adopted regarding the conduct and management of the state prisons. Copies of such records and only such copies is the warden authorized or required to report to the governor. (Pen. Code, sec. 1578, subd. 4.) The law neither authorizes nor "specially enjoins" the warden to construe the judgments of the courts and report his construction to the governor. It follows that no writ of *mandamus,* commanding him to do so, should issue against him. (Code Civ. Proc., sec. 1085; *Taylor* v. *Burks,* 6 Cal. App. 225 [91 Pac. 814].) Moreover, the board of prison terms and paroles was not made a party. It is the sole officer or tribunal having power to fix the terms of the prisoners. Under such circum-

stances no writ of *mandamus* should issue. (*California C. C. Corp.* v. *Superior Court,* 122 Cal. App. 404, 407 [10 Pac. (2d) 176]; *Matteson* v. *Board of Education,* 104 Cal. App. 647, 656 [286 Pac. 482]; *Beem* v. *Davis,* 31 Idaho, 730 [175 Pac. 959, 962]; *School Dist. No. 24* v. *Smith,* 97 Or. 1 [191 Pac. 506, 511]; *People* v. *Craig,* 197 App. Div. 503 [189 N. Y. Supp. 625, 627]; *People* v. *Watt,* 115 Misc. 120 [188 N. Y. Supp. 559, 576].)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 20, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 22, 1937.

[Civ. No. 10371. First Appellate District, Division Two.—January 21, 1937.]

MARCO ALBORI, Respondent, v. FRANK C. SYKES et al., Appellants.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Appellants.

Leo R. Friedman for Respondent.

STURTEVANT, J.—From a judgment against it in a *mandamus* proceeding the state board of prison terms and paroles has appealed. Except as to the parties defendant the facts are the same as in *Albori* v. *Smith*, Civil No. 10326 (*ante*, p. 615, [65 Pac. (2d) 81]), this day filed. However, in the instant case there was an agreed statement of facts which, among other things, set forth the following proceedings had when the judgments in question were pronounced:

"The Court: It will be the judgment of the court that for the offense of which you have been convicted, towit, the crime of assault with a deadly weapon, an offense necessarily included in the offense alleged in indictment No. 34,233, that you be confined in the State Prison at San Quentin for the term prescribed by law and that for the offense of which you stand convicted, towit, assault with a deadly weapon, an offense necessarily included in the offense alleged in the indictment No. 34,266, it will be the judgment of the court that you be confined in the State Prison at San Quentin for the term prescribed by law, I think, Mr. White (attorney for defendant), that under the new law the term under such circum-

stances that a defendant is required to serve, remains wholly with the parole board, or the prison board, or whatever it is called, and that the court has no jurisdiction, as I construe the law, to determine whether the judgments and sentences shall run consecutively or concurrently. What is your judgment on that, Mr. Clark?