[Civ. No. 6189.   Third Appellate District.—March 21, 1939.]

GLENN–COLUSA IRRIGATION DISTRICT (an Irrigation District), Petitioner, v. J. C. OHRT et al., Respondents.

Hankins & Hankins for Petitioner.

Ralph W. Rutledge, District Attorney, Hudson Ford, Deputy District Attorney, and P. J. Minasian for Respondents.

Earl Warren, Attorney-General, and H. H. Linney, Ralph H. Cowing and James J. Arditto, Deputies Attorney-General, as *Amici Curiae*, on Behalf of Petitioner.

THOMPSON, J.—By means of a writ of *mandamus* the petitioner seeks to cancel an assessment of taxes wrongfully levied upon grain owned by it, on the ground that the property is exempt from taxation under article XIII, section 1, of the Constitution, for the reason that it belongs to a branch of the state.

The petitioner is an irrigation district organized and existing in Glenn and Colusa Counties under the Statutes of 1897 and amendments thereto. (Stats. 1897, p. 254; 1 Deering's Gen. Laws 1937, p. 1792, Act 3854.) Certain farms were sold and deeded to the irrigation district for delinquent assessments pursuant to section 43 of the California Irrigation District Act. Those sales of land were never thereafter re-

deemed. Subsequently separate tracts of these lands were leased by the district in consideration of specified shares of the crops to be produced thereon and retained by the district as annual rental for the property. In 1938 the petitioner received as rental from those farms 758 sacks of wheat and barley which were stored in its warehouses in Colusa County. In 1938 the assessor of Colusa County levied an assessment of taxes on the grain in question in the petitioner's warehouses. In October, 1938, the irrigation district filed with the board of supervisors a sworn petition for cancellation of the tax assessment on the grain under the provisions of section 3804a of the Political Code, on the ground that the grain belongs to the district which is a branch of the state and that it was therefore erroneously and illegally assessed. The application was denied by the board of supervisors. This petition for a writ of *mandamus* was then filed in this court to compel the cancellation of the taxes assessed and the lien created thereby. An alternative writ was issued. To that petition the respondents have demurred. The attorney-general has filed in this proceeding an able and comprehensive brief, as *amicus curiae.*

This is a friendly proceeding on the part of respective parties to determine primarily whether the Glenn-Colusa Irrigation District is a branch of the state of California and whether its property is therefore exempt from taxation under the provisions of article XIII, section 1, of the Constitution.

We are of the opinion the irrigation district is a branch and agency of the state government and that the grain in question, as the property of that district, is exempt from taxation. The courts of this state have repeatedly held that irrigation districts organized pursuant to the California Irrigation District Act are political subdivisions and agencies of the state. (*Turlock Irr. Dist.* v. *White,* 186 Cal. 183 [198 Pac. 1060, 17 A. L. R. 72]; *Reclamation Dist. No. 551* v. *County of Sacramento,* 134 Cal. 477 [66 Pac. 668]; *People* v. *Richards,* 86 Cal. App. 86 [260 Pac. 582]; *Argyle Dredging Co.* v. *Chambers,* 40 Cal. App. 332 [181 Pac. 84]; *El Camino Irr. Dist.* v. *El Camino Land Corp.,* 12 Cal. (2d) 378 [85 Pac. (2d) 123]; *Laguna Beach County Water Dist.* v. *County of Orange,* 30 Cal. App. (2d) 740 [87 Pac. (2d) 46]; 24 Cal. Jur. 102, sec. 85.) In the Turlock Irrigation

District case, *supra*, the appellant, who was the tax collector of the county, was enjoined from attempting to collect taxes levied upon property of the district. The judgment was affirmed. The appellant contended that the property was not exempt from taxation under article XIII, section 1, of the Constitution, because the district did not constitute a "municipal corporation" as that term is used in the section. The Supreme Court held that the district was not a municipal corporation, but that its property was nevertheless exempt from taxation under the proviso of that section which specifically exempts from taxation "property used for" and such as "belong to . . . *this state*". The court said, at page 189 of the opinion, in that regard:

"Such exemption existed because of the express exemption of the property of 'the state', contained in that section and because of the implications in favor of the exemption of public property. (See *Reclamation Dist. No. 551* v. *County of Sacramento*, 134 Cal. 477 [66 Pac. 668], and cases therein cited for a discussion of the principle applicable. (See, also, *Webster* v. *Board of Regents*, 163 Cal. 705 [126 Pac. 974], and cases cited.) Reference may also be made to *Central Irr. Dist.* v. *De Lappe*, 79 Cal. 351 [21 Pac. 825], and *Lindsay-Strathmore Irr. Dist.* v. *Superior Court*, 182 Cal. 315 [187 Pac. 1056], for a discussion of the similarity of the organization of reclamation and irrigation districts."

*Reclamation District No. 551* v. *County of Sacramento*, *supra*, was a suit to recover taxes paid by the district under protest. Judgment was rendered for the district for failure on the part of Sacramento County to answer the complaint after a demurrer thereto had been overruled. That judgment was affirmed on appeal. In that case the same question which was determined in the Turlock Irrigation District case was raised, regarding the nature of a reclamation district. It was there asserted the district was not a "municipal corporation", but that it was nevertheless exempt from taxes under the constitutional provision. The Supreme Court said at page 479 of its opinion in that regard:

"It is not necessary to hold this property, thus acquired, to be the property of a municipal corporation, in order to make it exempt from taxation. *It would be sufficient to hold that it is public property of the state*, within the meaning of the constitution. The whole scheme of reclamation

originates with the state, and is carried to a conclusion by agents of the state,—the district, as we have already seen, *being a public agency,*—in furtherance of public policy. The property mentioned in section 3471 of the Political Code is public property, acquired by the agents of the state, for state purposes, *and we think is exempt from taxation, as such.*"

In the case of *El Camino Irr. Dist.* v. *El Camino Land Corp., supra,* it is said regarding the nature of irrigation districts:

"State agencies such as irrigation or reclamation districts . . . *are agencies of the state* whose functions are considered exclusively governmental; their property is state owned, held only for governmental purposes; they own no land in the proprietary sense."

To the same effect is the late opinion in the case of *Laguna Beach County Water Dist.* v. *County of Orange, supra,* and several other cases in this jurisdiction. There are no decisions to the contrary. In considering the purposes and method of organizing irrigation districts under the statute it appears to be entirely logical and in accordance with reason to hold that irrigation districts, like reclamation districts, are agencies of the state, and that their property, both real and personal, used for the benefit of the districts, therefore "belong to . . . the state" and are exempt from taxation under the provisions of article XIII, section 1, of the Constitution, which reads in part:

"All property in the state except as otherwise in this Constitution provided, not exempt under the laws of the United States, shall be taxed in proportion to its value, to be ascertained as provided by law, or as hereinafter provided. . . . Provided that . . . property used exclusively for public schools, and such as may belong to the United States, *this state,* or to any county, city and county, or municipal corporation within this state shall be exempt from taxation."

One other question is suggested for determination as to whether the grain involved in this proceeding is operative or nonoperative property of the district. It is suggested that if it is nonoperative property it may still be subject to taxation. Generally speaking, the term "operative property" includes both real and personal property. The proceeds from the sale

of crops derived from land belonging to an irrigation district may become operative property if the land is used exclusively for the benefit of conducting the business of that enterprise. The allegations of the petition indicate that the grain was operative property, for it is alleged that it is exempt from taxation under the constitutional provision. If it were necessary under the Constitution that it should be operative in its nature as distinguished from nonoperative property, in order to render it nontaxable, then the allegation infers that it belongs to that class. There is no demurrer for uncertainty in this proceeding. We should therefore assume that it is sufficiently alleged that the grain constitutes operative property.

It appears that the question as to whether nonoperative property of an irrigation district might be subject to taxation was specifically reserved for future determination by the express language of the opinion in the case of *La Mesa Lemon Grove & Spring Valley Irr. Dist.* v. *Hornbeck*, 216 Cal. 730 [17 Pac. (2d) 143]. It is there said at page 739 in that regard:

"Property impressed with a public use, standing in the name of an irrigation district, cannot be assessed or sold for delinquent general taxes. Whether nonoperative property or property held under a mere tax title *and not devoted to the public use* may be assessed is not here involved. Section 1, Article XIII, of the Constitution, defining what property may be assessed for taxes, speaks prospectively, and when a cause arises where such property of an irrigation district, or other agency, is assessed for general taxes, we can then, if required, treat that specific question."

■ We are of the opinion article XIII, section 1, of the Constitution makes no distinction between operative and nonoperative property *belonging to this state,* which shall be exempt from taxation. It is true that section does provide that the property of "public schools" which becomes exempt from taxation under the express terms of that section is "property used exclusively" for that purpose. But no such limitation is employed with relation to such property "as may belong to the United States, this state,. or to any county, city and county, or municipal corporation within this state". The Constitution seems to make a clear distinction between the property of public schools and prop-

erty belonging to the United States, this state and certain enumerated subdivisions thereof. The section reads in that regard:

"Provided that property used for free public libraries and free museums, growing crops, *property used exclusively for public schools,* and *such as may belong to the United States,* this state, . . . shall be exempt from taxation."

There is sound reason for distinguishing between property belonging to the United States, the state of California, or its political subdivisions, and such institutions as public schools, museums, etc., in providing for exemption from taxation. If the intention were to exempt from taxation only such property of the United States or the state of California as is actually used exclusively for the operation of those political entities, it would have been very easy to have thus expressed it. The intention appears to have been clearly otherwise expressed.

For the reasons stated we are of the opinion the grain in question belongs to the petitioner as a branch or agency of the state, and that it is therefore exempt from taxation.

Let the writ issue as prayed for.

Tuttle, J., and Pullen, P. J., concurred.