[S. F. No. 15997.   In Bank.—June 19, 1941.]

S. & G. GUMP COMPANY (a Corporation), Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent.

Charles A. Christin and Thomas J. Keegan for Appellant.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Respondent.

EDMONDS, J.—In 1936, the appellant paid under protest taxes upon personal property which was held by it on consignment and subsequently sued to recover the amount of such payment. There is no dispute concerning the facts and the judgment in favor of the respondent is based upon a construction of the applicable statutes.

At the time the assessment was made, the appellant was a dealer in art goods and merchandise and had in its possession certain goods entrusted to it for sale. It filed with the assessor of the City and County of San Francisco a statement or declaration of taxable personal property owned by it on the first Monday of March. In this statement the property held on consignment was not segregated from the merchandise owned by the appellant. Later, the appellant requested the assessor to assess the consigned property to it as bailee for the various owners and to record the assessment of such property separately from that of the property owned by the corporation. This request was not made under oath but in the form of a letter in which the appellant offered to furnish the names of the consignors and bailors, together with a list showing the items of personal property owned by each one of them. The assessor refused to change the assessment theretofore made.

By the provisions of section 3629 of the Political Code as then in effect (Rev. Code, see secs. 441 et seq.), the assessor was required to exact from each person a statement under oath setting forth ''all the real and personal property not exempt from taxation owned by such person, or in his possession, or under his control, at twelve o'clock meridian on the first Monday in March''. The preceding section required the assessor to ''assess such property to the persons by whom it was owned or claimed, or in whose possession or control it was'' at that time. Section 3639 of the Political Code provided: ''When a person is assessed as agent, trustee, bailee, guardian, executor, or administrator, his representative designation must be added to his name, and the assessment entered on a separate line from his individual assessment.''

The appellant contends that the assessment levied upon the goods which it held on consignment was void because it

was not separately assessed in accordance with the statutory requirement. In support of the judgment, the city takes the position that the appellant's offer to give the assessor the names of the various owners and the particular items of personal property owned by each one with its value was not a statement under oath, and, for that reason not entitled to consideration. It also declares that as property may be assessed to one not its owner, and as the appellant did not apply to the board of equalization for relief, no recovery may be had.

Although consigned property may be assessed to its owner, it may also be assessed to its lawful possessor. (*RCA Photophone Inc.* v. *Huffman,* 5 Cal. App. (2d) 401 [42 Pac. (2d) 1059]; *Thompson* v. *Board of Supervisors,* 13 Cal. App. (2d) 134 [56 Pac. (2d) 571].) And even when the assessor knew that certain property did not belong to the person to whom it was assessed, the assessment was upheld because in the absence of specific information as to the owner, "the assessor had no other recourse than to assess the property to the plaintiff . . . as agent or trustee of parties unknown to him, which he in effect did." (*Title Guaranty etc. Co.* v. *Los Angeles County,* 3 Cal. App. 619, 621 [86 Pac. 844].) In another case, an investment company refused to disclose to the assessor the names of the owners of bonds and *interim* certificates left with it for safekeeping, and the assessment to the company was upheld. (*S. W. Straus & Co.* v. *Los Angeles County,* 128 Cal. App. 386 [17 Pac. (2d) 757].)

It is true that in neither of these cases did the assessor know the names of the owners of the property, whereas the appellant here offered to supply that information. But the offer was made long after the appellant filed the formal statement required by law and in correspondence denying liability for the assessment as it stood on the assessor's books. Under these circumstances, the assessor was not required to comply with the appellant's request. Moreover, it did not choose to apply to the board of equalization for a modification of the assessment to show the names of the owners of the property in controversy. This could have been done either before or after payment. (*Title Guaranty etc. Co.* v. *Los Angeles County, supra; S. W. Straus & Co.* v. *Los Angeles County, supra*). But the failure to make the assessment in

accordance with the appellant's request did not affect its validity and the appellant was liable therefor.

The judgment is affirmed.

Traynor, J., Carter, J., Shenk, J., and Gibson, C. J., concurred.

Appellant's petition for a rehearing was denied July 17, 1941.