[Civ. No. 2779. Fourth Dist. Aug. 14, 1941.]

THREE G DISTILLERY CORPORATION (a Corporation), Appellant, v. COUNTY OF LOS ANGELES et al., Respondents.

Gang and Kopp, Martin Gang and Robert E. Kopp for Appellant.

J. H. O'Connor, County Counsel, Gordon Boller, Deputy County Counsel, and Ralph W. Swagler, City Attorney (Burbank), for Respondents.

GRIFFIN, J.—The plaintiff and appellant instituted an action for refund of taxes against the respondent county of Los Angeles and the city of Burbank to recover the sum of $14,550.88, plus interest, being the total amount of taxes paid by the appellant during the years 1936–1937, 1937–1938, and 1938–1939, on account of the Burbank city tax and the Burbank School District and Metropolitan Water District taxes. No recovery was sought because of the taxes levied by the county of Los Angeles for its own use and benefit. The city and county each filed demurrers to the complaint, which demurrers were sustained without leave to amend. This appeal is taken from the order of the lower court sustaining defendants' demurrers and from the judgment of dismissal which was subsequently entered.

The complaint alleged that the appellant owned a distillery and warehouse and stored a large amount of intoxicating liquors in the city of Burbank; that the city of Burbank, the Burbank School District and the Metropolitan Water District, through the county of Los Angeles, which was acting as tax collecting agent, had assessed and collected personal property taxes upon this intoxicating liquor for the tax years above mentioned. The complaint also contained appropriate allegations with reference to the filing of a due and timely claim for the refund of the taxes pursuant to section 3804 of the Political Code. The basis for the refund set forth in the claim and complaint was as follows:

"It is the contention of claimant that under the constitution of the State of California, and particularly section 22 of Article XX thereof no personal property tax can be imposed by any municipality or municipal tax district or by any other instrumentality other than the State of California upon alco-

holic beverages or intoxicating liquors and, therefore, your claimant contends that so much of the enclosed tax bill as represents taxes on intoxicating liquors other than those imposed by the County of Los Angeles have been illegally and erroneously collected and your claimant is entitled to a refund thereof.''

The complaint also specifically set forth the fact that the taxes imposed were imposed purely upon intoxicating liquor owned by the appellant, and that no portion of the refund which the plaintiff sought involved taxes upon bottles or casks. It is therefore argued that the Constitution of the State of California has reserved the sole power to impose any taxes of any nature upon intoxicating beverages to the state under section 22 of article XX, which provides as follows:

''The State of California, subject to the Internal Revenue Laws of the United States, shall have the exclusive right and power to license and regulate the manufacture, sale, purchase, possession and transportation of intoxicating liquor within the State, and subject to the laws of the United States regulating commerce between foreign nations and among the States shall have the exclusive right and power to regulate the importation into and exportation from the State, of intoxicating liquor.''

The same section also states: ''The Legislature shall provide for apportioning the amounts collected for license fees or occupation taxes under the provisions hereof between the State and the cities, counties and cities and counties of the State, in such manner as the Legislature may deem proper.''

It is the contention of appellant that the purpose of this section of the Constitution is to set up a comprehensive scheme of taxation of intoxicating liquors whereby the state will be the sole taxing agency and the municipalities will share in the receipts of this taxation by receiving from the state a portion of the revenue collected by the state; that the question here involved is whether or not the phrase above quoted, ''to license and regulate the manufacture, sale, purchase, possession and transportation of intoxicating liquor . . . '' includes the power to tax, for, if such is the case, it is contended, the exclusive right and power to tax intoxicating liquors would then under the constitutional provision above set forth, reside in the state, citing *Los Angeles Brewing Co.* v. *City of Los*

*Angeles,* 8 Cal. App. (2d) 391 [48 Pac. (2d) 71] ; *Vitale* v. *City of Los Angeles,* 13 Cal. App. (2d) 704 [57 Pac. (2d) 993] ; *Whitmore* v. *Brown,* 207 Cal. 473 [279 Pac. 447] ; *Willmon* v. *Powell,* 91 Cal. App. 1, 5 [266 Pac. 1029] ; *Philadelphia and Reading R. R. Co.* v. *Pennsylvania,* 15 Wall. 232 [21 L. Ed. 146] ; *Philadelphia & S. M. S. S. Co.* v. *Pennsylvania,* 122 U. S. 326 [7 Sup. Ct. 1118, 30 L. Ed. 1200] ; and *Low* v. *Austin,* 13 Wall. 29 [20 L. Ed. 517].

In reply respondent argues that appellant's stock of intoxicating liquors within the county was taxable under the rule that all property within the taxing jurisdiction is taxable except as excused by valid exemption provisions within the mandate of article XIII, section 1 of the California State Constitution, which provides in part:

"All property in the State except as otherwise in this Constitution provided, not exempt under the laws of the United States, shall be taxed . . . "; that it is "otherwise in this Constitution provided" (art. XIII, sec. 14) that "the Legislature shall have the power . . . and may exempt entirely from taxation any or all forms, types, or classes of personal property"; that the legislature has not exercised such power of exemption with regard to intoxicating liquors; and no legislative provision purports to exempt intoxicating liquors from taxation.

This same provision of the Constitution (sec. 22, art. XX) was before us for consideration in *Los Angeles Brewing Co.* v. *City of Los Angeles, supra,* wherein it was held that a license tax could not be levied by such entities upon the business of manufacturing and distributing liquors.  (See also, *Los Angeles Brewing Co.* v. *City of Los Angeles,* 8 Cal. App. (2d) 379 [48 Pac. (2d) 65] ; and *Vitale* v. *City of Los Angeles, supra.*)  The other cases cited by appellant are not particularly helpful.  ▮ The question here presented is whether our constitutional provision (sec. 22, art. XX), because of the language therein used, must be construed as taking away the right of municipalities and other entities of that character of levying personal taxes on subjects which fall within the language of the other constitutional provision above quoted (art. XIII, sec. 1).  An examination of the terms of the constitutional provision (sec. 22, art. XX) impels the conclusion that it does not by its terms or any reasonable implication prohibit such a levy of personal property taxes,

nor does it clearly exempt such property from taxation. The case of *Los Angeles Brewing Co.* v. *City of Los Angeles, supra,* did not involve the particular question here presented and should not be construed as extending the rule so as to exempt such property as here involved from taxation under article XIII, section 1 of the Constitution.

Appellant relies principally upon the theory that the power to license and regulate given under section 22, article XX of the Constitution, also conferred the power to tax; that the state, having power to tax, therefore had exclusive power to levy any and all taxes on such properties. It cites *Smith* v. *Bohler,* 72 Ga. 546, which involved "An Act to Regulate Public Instruction in the County of Richmond." It was there held that under the act the board of education had power to levy a tax for public school purposes. We do not believe this case to be similar or controlling. The constitutional provision in question here gives to the state the exclusive right and power to *license and regulate* the manufacture, sale, purchase, possession and transportation of intoxicating liquor within the state. This provision cannot be construed as exempting the owner of such properties from a personal property tax. ■ Ownership is the usual and common basis for taxation. Primarily the duty of paying taxes rests upon the person who holds the legal title. (*Estate of Backesto,* 63 Cal. App. 265, 269 [218 Pac. 597].) The assessor is required under section 3628 of the Political Code, during the assessment season, to "ascertain the names of all taxable inhabitants, and all property in his county subject to taxation" and to "assess such property to the persons by whom it was *owned* or claimed, or in whose possession or control it was . . . " on the tax date. He is required to exact from such person a statement under oath setting forth expressly "all the real and personal property not exempt from taxation *owned by such person,* or in his possession, or under his control. . . . " (Pol. Code, secs. 3629, 3630, 3632.) It thus appears on the slightest survey of the statutory provisions and the decisions that ownership is the common basis of tax liability. ■ The very fact that article XX, section 22, reserves to the state the exclusive right and power to license and regulate "the manufacture, sale, purchase, possession and transportation of intoxicating liquor within the State" and the significant failure to include as well the power

to license and regulate the ownership thereof, i. e., omission of a reservation of power to the state with regard to the common and usual basis of assessment and taxation, is most significant against appellant's contention herein that the reservation also includes a reservation of the power to tax.

In *Wiggins Ferry Co.* v. *City of East St. Louis,* 107 U. S. 365 [2 Sup. Ct. 257, 27 L. Ed. 419, 423], the court pointed out a distinction between the power to tax and the power to regulate when it said: "In *Gibbons* v. *Ogden* (9 Wheat. 1 [6 L. Ed. 23]) it was settled that the clause of the constitution conferring on congress the power to tax, and the clause regulating and restraining taxation, are separate and distinct from the clause granting the power to congress to regulate commerce." (See also, *Clark* v. *Paul Gray, Inc.,* 306 U. S. 583 [59 Sup. Ct. 744, 83 L. Ed. 1001], which upheld the constitutionality of the California Caravan Act [Stats. 1937, chap. 788, p. 2253; Deering's Gen. Laws, 1937, Act 5136], wherein it was unsuccessfully claimed that the exclusive power of Congress to regulate commerce prevented the imposition by a state of a tax upon interstate commerce.)

No valid interpretation of article XX, section 22 of the Constitution warrants a conclusion of an intention thereby to divest the respondents of and reserve to the state the power of taxation of intoxicating liquors as herein described. Neither does the language of the provision nor the reasoning thereof lead to such results. The authority of the decided cases does not support such a contention.

Judgment affirmed.

Barnard, P. J., and Mundo, J., *pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 10, 1941.