[L. A. No. 20218.   In Bank.   Apr. 3, 1948.]

ARTHUR W. SHERMAN et al., Appellants, v. JOHN R. QUINN, as County Tax Assessor, etc., et al., Respondents.

Zuckerman & Edmunds, Edward K. Zuckerman, Arthur E. Edmunds and William E. James for Appellants.

Harold W. Kennedy, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondents.

EDMONDS, J.—Arthur W. Sherman and his wife are seeking a writ of mandamus to compel the assessor of Los Angeles County to assess to them real property being purchased by them under a contract of conditional sale in order that he may claim his tax exemption as a veteran. The appeal from the judgment, entered upon an order sustaining the assessor's demurrer to the petition without leave to amend, presents for decision a question different from that determined in *Eisley* v. *Mohan, ante,* p. 637 [192 P:2d ·5], as here the vendor is a private party and not a state agency.

The amended petition alleges that Sherman is a veteran of World War II and was honorably discharged from the service. He and his wife, both residents of California, have purchased from Witmer Building Company, a corporation, under a contract of conditional sale, a lot, improved with a residence, for a total purchase price of $8,850. Approximately $3,000 was paid in cash and the contract provides for monthly payments of $40 on account of·principal and interest.

The petitioners further plead that the property is assessed to the vendor who holds the legal title. Sherman demanded of the assessor that the assessment to the vendor be canceled and the property assessed to him and his wife in order that he might claim his veteran's exemption from taxation under section 1¼ of article XIII of the Constitution. This demand was rejected upon the ground that it is the policy of the assessor to assess real property being purchased under a conditional sales contract, to the vendor. There is no plain, speedy or adequate remedy in the ordinary course of law, the petitioner concludes, and any other procedure would involve a multiplicity of suits.

The assessor demurred to the petition upon the ground that it does not state facts sufficient to constitute a cause of action. One of the points relied upon in support of his position was that mandamus is not the proper remedy.

Section 1¼ of article XIII of the Constitution reads: "The property to the amount of one thousand dollars of every resident of this State who has served in the Army [and other branches of the service] . . . and . . . has received an honorable discharge therefrom, . . . shall be exempt from taxation; provided, this exemption shall not apply to any person named herein owning property of the value of five thousand dollars or more, . . . ." The allegations of the petition bring Sherman within this provision. It is alleged that he and his wife are residents of California, that he is "a veteran of World War II and was on active duty with the United States Army Air Forces prior to and on March 1, 1946, and was honorably released from active duty on or about March 23, 1946." Neither Sherman nor his wife, nor the two together, own property greater than $5,000 in value. It is also alleged that the affidavit required by section 252 of the Revenue and Taxation Code was timely filed.

The principal question for decision is whether the quoted provision of the Constitution exempts only property of a veteran to which he holds the legal title. Certainly it must be construed to give full effect to the purpose of the enactment, which is to minimize the burden of taxation upon those persons who honorably served our country, and do not own property of a value greater than that specified. There is nothing in the language of the provision which indicates an intention to restrict its application to those who hold the full legal title to their property. On the contrary, article XIII, section 1, relating to taxation, defines property as used in its provisions, to exclude the security title of a contract vendor. (*Eisley* v. *Mohan, ante,* p. 637 [192 P.2d 5].)

The vendee in possession under a conditional sale contract, or one who holds the land subject to a deed of trust, is as much entitled to the exemption as a veteran who has title in fee simple. "In a conditional sale, the title in the seller is for security only, to assure the payment of the purchase price. It carries with it none of the ordinary incidents of ownership. The buyer has the possession and use of the property to the complete exclusion of the seller, subject only to the seller's remedies in case of default. Both in a practical and a legal sense the buyer is the beneficial owner." (*County*

*of San Diego* v. *Davis,* 1 Cal.2d 145, 147 [33 P.2d 827] ; *Elliott* v. *McCombs,* 17 Cal.2d 23 [109 P.2d 329] ; and see *Walker* v. *Houston,* 215 Cal. 742 [12 P.2d 952, 87 A.L.R. 937].)

Petitioner Arthur Sherman is therefore entitled to the exemption allowed by section 1¼ of article XIII of the Constitution. ■ But the writ of mandamus will issue only where a legal duty is established and no other sufficient means exist for its enforcement. (*Potomac Oil Co.* v. *Dye,* 10 Cal.App. 534, 537 [102 P. 677].) The legal duty sought to be compelled must be one which the law specially enjoins. (Code Civ. Proc., § 1085; *City of Napa* v. *Rainey,* 59 Cal. 275, 278; *Albori* v. *Smith,* 18 Cal.App.2d 615, 618 [65 P.2d 81] ; see 16 Cal.Jur. 808.)

■ The assessor, annually, "shall assess all the taxable property in his county . . . to the persons owning, claiming, possessing, or controlling it. . . ." (Rev. & Tax. Code, § 405.) Ordinarily, the legal title and ownership are in the same person and in such case the duty of paying taxes rests upon the person who holds legal title (*Three G Distillery Corp.* v. *Los Angeles County,* 46 Cal.App.2d 498 [116 P.2d 143]), but where security title and ownership are in different parties, as in a conditional sale transaction, the one who actually is to pay the taxes is determined by the contract. In the case of personal property it has been held that the assessment is not invalid if assessed to a conditional vendee (*Houser etc. Mfg. Co.* v. *Hargrove,* 129 Cal. 90 [61 P. 660]), nor to a consignee for sale. (*S. & G. Gump Co.* v. *San Francisco,* 18 Cal.2d 129 [114 P.2d 346, 135 A.L.R. 595].) ■ Section 405 of the Revenue and Taxation Code applies to real and to personal property, and the assessment to either the vendee or the vendor under a conditional sale contract of land is not invalid. (Cf. *County of San Diego* v. *Davis, supra,* wherein it was held that the legal owner of an automobile, registered in the name of the conditional vendee, was not personally liable for the tax imposed on the automobile.) ■ Moreover, assessment to the veteran is not a prerequisite to the application of the constitutional provision. It is the property of the veteran to the specified amount which is exempted from taxation, and the form of the assessment is of no consequence.

■ On the basis of the allegations of their petition, it is clear that the Shermans are entitled to the benefit of the exemption provided by the Constitution. Clarification of this point should suffice to assure petitioners and other veterans in similar circumstances that the exemption will be allowed.

However, should an assessor deny the exemption to a veteran, an adequate procedure is provided by statute whereby taxes erroneously levied and collected may be refunded, together with interest thereon, upon a claim therefor. (See Rev. & Tax. Code, §§ 5096 et seq.) This form of procedure, widely used in the tax field, is based upon the principle that "delay in the proceedings of the officers, upon whom the duty is devolved of collecting the taxes, may derange the operations of government, and thereby cause serious detriment to the public." (*Dows* v. *City of Chicago*, 11 Wall. 108, 110 [20 L.Ed. 65].) The veteran, therefore, has a plain, speedy and adequate remedy in the ordinary course of law, and mandamus is not available. (Code Civ. Proc., § 1086.) "The prompt payment of taxes is always important to the public welfare. It may be vital to the existence of a government. The idea that every tax-payer is entitled to the delays of litigation is unreason." (*Springer* v. *United States*, 102 U.S. 586, 594 [26 L.Ed. 253]; cited with approval in *People* v. *Skinner*, 18 Cal.2d 349, 355 [115 P.2d 488, 149 A.L.R. 299].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., and Spence, J., concurred.

SCHAUER, J.—I dissent. I agree that petitioner Arthur Sherman is entitled to a veteran's exemption to be applied against the property here involved, but it is my view that he is also entitled to mandamus to compel the assessment of the property to him in order that the exemption may be claimed. Such action will but compel the defendant to perform that which as a matter of law appears to be his official duty and it will give to petitioner the benefit of a specific constitutional right.

Petitioner's right to a veteran's exemption derives directly from section 1¼ of article XIII of the California Constitution. The immediate purpose of the proceeding is not to cancel or prevent collection of a tax; it is to compel a lawful assessment. When the lawful assessment has once been made the law itself will require all public officials concerned, whether named in this proceeding or not, to take all appropriate actions necessary to cancel any duality of assessment and to relieve petitioner of the unjust charge against his property; all this may be accomplished without the necessity for further and additional judicial proceedings by petitioner if the writ now sought

is granted. The Revenue and Taxation Code expressly provides for situations in which it becomes the duty of public officers to cancel an uncollected tax. Section 4986 declares that "All or any portion of any uncollected tax, penalty, or costs, heretofore or hereafter levied, may, on satisfactory proof, be canceled by the auditor on order of the board of supervisors with the written consent of the district attorney if it was levied or charged . . . (b) Erroneously or illegally." Section 4991, in mandatory language, ordains that "If the tax collector erroneously sells or deeds to the State property for the taxes which were a lien on the property for any year and the taxes for that year have been paid or were not legally a lien on the property, the auditor and the tax collector shall certify the facts to the board of supervisors. The board of supervisors shall then order: (a) The county recorder to cancel the erroneous certificate or deed. (b) The auditor to cancel the sale and enter the fact and date of the cancellation on the margin of the delinquent roll opposite the description of the property." It should also be observed that section 4990 mandatorily provides for cancellation in the event of dual assessment: "On discovery that any property is assessed by the same taxing agency more than once for the same year, after payment of all charges justly due on the property the person having custody of the rolls shall certify the facts to the board of supervisors. The board of supervisors shall then order the auditor to cancel the other charges and assessments by an entry on the margin of the roll and, if carried there, the delinquent and current roll."

The significance of the above quoted sections, as to the procedural and equitable aspects of this case, lies in the fact that they contemplate and provide a substantially complete remedial scheme in situations which encompass that which the petitioners (the veteran's wife joins in the petition here) here claim and such as appeared in *Lockhart* v. *Wolden* (1941), 17 Cal.2d 628 [111 P.2d 319]. Perhaps the most important part of the remedial scheme, to persons in the position of petitioners here, is that the only act they need to directly compel appears to be the making of the lawful assessment; then, no matter how many other unlawful assessments may have been made on the same property, nor how far the collection process may have proceeded, the duties of the public officers concerned are specifically prescribed. Surely mandamus should be available in such situations to compel the performance of official duty in the making of the lawful assessment.

As emphasized in *Dufton* v. *Daniels* (1923), 190 Cal. 577, 581-582 [213 P. 949], " 'It has been held in this state that to supersede the remedy by *mandamus*, the party must not only have a specific adequate legal remedy, but one competent to afford relief upon the very subject matter of his application, and one which is equally convenient, beneficial and effective as the proceeding by *mandamus*.' [Citations.]" In the Dufton case petitioner sought a writ of mandate to compel the state board of control to audit and allow petitioner's claim for his necessary traveling expenses as a state agent in returning to the State of California a fugitive from justice, under the provisions of section 1557 of the Penal Code. Although a statutory remedy was provided this court granted the writ, with the holding that "The remedy afforded by the statutes above cited is manifestly not equally convenient, because the action therein provided for *must be transferred to Sacramento County upon* demand of the attorney-general, regardless of the residence of the plaintiff; and it is not equally beneficial or effective, because the plaintiff therein, though successful, *cannot recover his costs . . .*" (Italics added.)

In accord with and relying upon the views expressed in the Dufton case is the more recent decision in *Lockhart* v. *Wolden* (1941), *supra*, 17 Cal.2d 628. In the latter case petitioner sought by mandamus to compel respondent, as assessor of the city and county of San Francisco, to grant petitioner as a veteran exemption of certain property from taxation and thereupon to cancel the assessment which had been made. Although petitioner had not pursued the statutory remedy of payment of the tax assessed against her property followed by suit to recover the payment, this court granted the relief sought and stated (p. 633 of 17 Cal.2d): "No remedy other than *mandamus* would afford petitioner the remedy to which she is entitled, namely, cancellation of the assessment. (*Babcock* v. *Goodrich*, 47 Cal. 488, 508.) The well-settled rule that a plaintiff who recovers wrongfully collected taxes cannot recover interest prior to judgment (*Engebretson* v. *City of San Diego*, 185 Cal. 475, 479, 480 [197 P. 651]) is a further reason why any remedy at law by payment of the tax and suit to recover would not be adequate, and it was so held in the case of *Birch* v. *Board of Supervisors*, 191 Cal. 235, 237 [215 P. 903], in a proceeding to review the action of the board of supervisors in raising the assessment upon property belonging to plaintiffs. Though we recognize that the interest item upon this particular assessment is small, it becomes very substantial

when the rights of taxpayers situated similarly to petitioner are taken into consideration. Any other procedure would involve a multiplicity of suits, for the question as to the right to the exemption here claimed by petitioner applies to other women veterans in California—petitioner alleges there are approximately two thousand—in the same way as to petitioner. Thus this situation appears to be of considerable public importance, and the fact that complete and final relief may be given to this group of taxpayers by the issuance of a single writ further fortifies petitioner's argument supporting the propriety of this particular proceeding." (For comparable holdings in substantially similar cases see *Alexander* v. *Superior Court* (1928), 91 Cal.App. 312, 316 [266 P. 993]; *People* v. *Board of Supervisors* (1932), 126 Cal.App. 670, 672, 674 [15 P.2d 209] (mandamus to compel board of supervisors to cancel taxes); *State Land Settlement Board* v. *Henderson* (1925), 197 Cal. 470 [241 P. 560] (to compel cancellation of tax liens); see also *Anderson-Cottonwood Irrigation Dist.* v. *Klukkert* (1939), 13 Cal.2d 191 [88 P.2d 685] (to prohibit assessment); *Glenn Colusa Irrigation Dist.* v. *Ohrt* (1939), 31 Cal.App.2d 619 [88 P.2d 763] (mandamus to compel board of supervisors to cancel an assessment of taxes).)

Petitioners here seek to compel public officers to perform official duty and I am of the opinion that no other remedy than mandamus is available and adequate for that purpose. It seems reasonably certain that issuance of the writ will avoid a multiplicity of suits. If the writ is granted here it should accomplish for petitioners everything which otherwise might well necessitate a multiplicity of actions and proceedings before all their rights were secured and their property freed from erroneous charges, liens and clouds. Furthermore, it is a matter of common knowledge that many veterans are purchasing homes upon conditional sales contracts. Must each veteran in petitioner's position pay the tax in full and then sue to recover in order to secure the advantage of his exemption? And if he does not have the money to pay the illegal tax and thereby establish the basis for recovery must he lose his property by tax sale because the court is impotent to afford him the only relief which would be truly adequate?

I would issue the writ, directing the respondent assessor to assess the property to petitioner, thereby performing his official duty.

Carter, J., concurred.