[L. A. No. 4117.   Department One.—December 5, 1917.]

## ANGELO BESSOLO, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

TAXATION—MONEY ON DEPOSIT WITH COUNTY TREASURER—AWARD IN CONDEMNATION PROCEEDINGS—SOLVENT CREDIT.—When, in an action by a city to take lands from a private owner for public uses, the amount of the award has been paid by the city to the county treasurer, such money is not a solvent credit of the owner of the land, within the meaning of the laws relating to the assessment and taxation of personal property, and subject to the deduction of debts owed by the individual whose property was condemned, but is covered by the terms of section 3647 of the Political Code, providing that "money and property in litigation in possession of a county treasurer . . . must be assessed to such treasurer . . . and the taxes be paid thereon under the direction of the court."

ID.—TAXES PAID ON MONEYS IN LITIGATION ON DEPOSIT WITH COUNTY TREASURER—ACTION TO RECOVER.—An action will not lie against a city to recover the amount of a city tax, paid by the county treasurer out of the amount of an award in condemnation proceedings, paid by the city to the county treasurer for the benefit of the owner of the property condemned, pending the litigation.

ID.—DEDUCTION OF DEBTS FROM SOLVENT CREDITS.—The provisions of sections 3628, 3629, subdivision 6, and 3650, subdivision 15, of the Political Code, for the deduction of debts from solvent credits, contemplate the deduction of such debts only as are owed by the person to whom the solvent credits are assessed.

ID.—PLEADING—COMPLAINT—DEMURRER.—Even conceding that money deposited with a county treasurer as the amount of an award to the owner of property, taken by a city in condemnation proceedings, constitutes a "solvent credit" of such property owner, from which debts owed by him might be deducted, nevertheless where, in an action by such property owner against the city, to recover the amount of a city tax, paid by the county treasurer to the city, out of the moneys so deposited, which had been assessed to the county treasurer, and from which no deduction had been made, the complaint did not allege that the amount of such debts was shown by the sworn statement, which the taxpayer was required to make under subdivision 6 of section 3629 of the Political Code, such a complaint did not exhibit the facts necessary to support the plaintiff's claim of a right to have the deduction made.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Leslie R. Hewitt, Judge.

The facts are stated in the opinion of the court.

Courtney Lacey, for Appellant.

Albert Lee Stephens, City Attorney of Los Angeles, and Charles S. Burnell, Assistant City Attorney, for Respondent.

SLOSS, J.—A demurrer to plaintiff's complaint was sustained, with leave to amend. No amendment having been made within the time allowed, judgment was given in favor of the defendant. The plaintiff appeals.

The complaint alleges that in October, 1911, the defendant, the city of Los Angeles, commenced an action against the plaintiff and others to condemn certain lands for public uses. In that action a parcel of land belonging to the plaintiff, Bessolo, was condemned upon payment of $11,310. The sum so awarded to plaintiff was paid by the city to the county treasurer, and it was in the treasurer's hands on the first Monday of March, 1913. After receiving from the county treasurer a statement of moneys in his hands, belonging to individuals, the city assessor of the defendant city assessed said sum belonging to plaintiff, for Los Angeles city taxes for the year 1913–14, and collected a tax of $174.26 thereon. This tax was paid by the county treasurer out of plaintiff's moneys, without plaintiff's knowledge or consent. On the first Monday in March, 1913, the solvent credits owned by plaintiff, including the $11,310 so awarded to him, aggregated $11,863 and no more. The unsecured debts then owing by him, and assessed to *bona fide* residents of the state, aggregated $15,050, a sum exceeding the solvent credits owned by him. On the first Monday in March, 1913, plaintiff did not own any solvent credits subject to assessment, and said sum of $11,310 was exempt from taxation and was erroneously assessed. On April 16, 1913, plaintiff presented to the city a claim, which set forth the foregoing facts regarding the assessment and collection of taxes, and asked a return of $174.26. Such return was refused, and the complaint, accordingly, prays judgment for the amount of the tax thus collected.

The demurrer was based on want of facts, lack of jurisdiction of the subject, and various provisions of the statutes of limitations.

Regardless of other points made, we think the demurrer was properly sustained on the first of these grounds.

The fund in the hands of the treasurer was not such a "solvent credit" as, in the purview of our tax laws, is subject to the deduction of debts owed by the plaintiff. It was covered by the terms of section 3647 of the Political Code, which provides that "money and property in litigation in possession of a county treasurer, of a court, county clerk, or receiver, must be assessed to such treasurer, clerk, or receiver, and the taxes be paid thereon under the direction of the court." The right to tax money or other property under this section "does not depend upon the ownership of the money or property, nor the final result of the litigation." (*Los Angeles* v. *Los Angeles City Water Co.,* 137 Cal. 699, [70 Pac. 770].) Such money or property is to be assessed to the officer in whose hands it is, and an assessment to the real or ultimate owner is not authorized. (*City of San Luis Obispo* v. *Pettit,* 87 Cal. 499, [25 Pac. 694].) There being no allegation to the contrary, we must assume that the assessment in this case was made, as it properly should have been, to the treasurer. Statutory provisions for the deduction of debts from solvent credits (Pol. Code, secs. 3628, 3629, subd. 6, 3650, subd. 15) clearly contemplate the deduction of such debts only as are owed by the person to whom the solvent credits are assessed—not a deduction of debts owed by one person from money, property, or credits assessed to another.

But if it be conceded that the moneys on deposit constituted a "solvent credit," from which debts owed by plaintiff could be deducted, he was still not entitled to the deduction unless the amount of such debts was shown by the sworn statement which, on demand of the assessor, the taxpayer was required to make. (Pol. Code, sec. 3629, subd. 6.) The complaint does not allege that the assessor failed to exact a statement from plaintiff, or that plaintiff made a statement of any kind, to say nothing of one showing the debts owed by him. (See *Henne* v. *County of Los Angeles,* 129 Cal. 297, [61 Pac. 1081]; *Brenner* v. *Los Angeles,* 160 Cal. 72, 75, [116 Pac. 397].) The complaint does not, therefore, exhibit the facts necessary to support plaintiff's claim of a right to have the deduction made.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.