SPRING VALLEY WATER COMPANY *v.* CITY AND COUNTY OF SAN FRANCISCO ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR NINTH CIRCUIT.

No. 211.   Argued March 19, 1918.—Decided April 15, 1918.

Money placed in a bank as special deposits, pursuant to orders of the District Court and stipulation of parties, to await the outcome of litigation, *held* subject to assessment for taxation as money in litigation in possession of a "receiver," under Political Code of California, § 3647.

Such special deposits are sufficiently described for purposes of assessment by the numbers of the several cases in which they were made and by designating the court and the parties; and the facts that the deposit in each case was not assessed separately, and that the description included also a case in which there was no deposit, do not vitiate the assessment.

225 Fed. Rep. 728, affirmed.

In 1908 the Spring Valley Water Company, the appellant, commenced in the Circuit Court of the United States for the Northern District of California a suit against the City and County of San Francisco to enjoin the enforcement of an ordinance fixing the water rates for that year. A preliminary injunction was granted upon the condition that all sums collected by the Water Company from its customers in excess of the ordinance rates should be deposited in a bank agreed upon by the parties or designated by the court to await the outcome of the litigation. The sums so collected, it was provided, should be received by the bank as a special deposit subject to the order of the court and should be paid out on checks drawn by a special master and countersigned by a judge of the court. Pursuant to a stipulation of the parties the court subsequently designated the Mercantile Trust Company of San Francisco as the depository for the impounded moneys and ordered that the account should be entitled "Spring Valley Water Company—Special Account" and should bear two per cent. interest per annum. Each year following down to 1913 the Water Company brought a similar suit to enjoin the ordinance fixing water rates for the respective year. In four of these five cases a preliminary injunction was granted upon the same condition expressed in the preliminary injunction awarded in the 1908 suit. In the fifth, although a preliminary injunction was granted, no order was made concerning the impounding of sums collected in excess of the ordinance rates, but the parties stipulated that the moneys collected during the year embraced by that suit should also be deposited in the bank designated by the court to await the final outcome of the case. Pursuant to these orders and stipulations the Water Company made deposits of the moneys in the Mercantile Trust Company of San Francisco and from time to time the court, to safeguard the funds, ordered portions of it

transferred from that bank to six other banks in San Francisco. The money thus transferred and deposited in the six banks was placed in special accounts subject to the order of the court, to be withdrawn only by check signed by the special master and countersigned by a judge of the court.

The moneys on deposit in each of the seven banks on the first Mondays in March, 1913 and 1914, were by the local officer assessed for taxation for those years. In each assessment the bank was described as "Receiver of Impounded Moneys" and "Receiver or Depository under Order of Court of the Impounded Moneys in Equity Suits numbered 14,275, 14,735, 14,892, 15,131, 15,569, 15,344 and 26, District Court of the United States, wherein the Spring Valley Water Company is plaintiff and City and County of San Francisco et al., defendants." With the exception of No. 14,275 (which was a suit begun in 1907 to enjoin the water rates of that year and in which the court made no order concerning the impounding of funds and no deposits were made by the Water Company) the suits referred to are those which we have previously mentioned. On application of the tax collector of the City and County of San Francisco the District Court of the United States after notice and a hearing directed the payment of the taxes. As there were two assessments against each of the seven banks, the court issued fourteen orders and to reverse the decrees of the court below affirming the action of the trial court fourteen appeals are prosecuted. (225 Fed. Rep. 728.) While the order under review on this record concerned the assessment of moneys in the possession of the Mercantile Trust Company of San Francisco in March, 1913, and directed the payment of taxes in the sum of $8,479.89, there is a stipulation that the appeals in the other thirteen cases (Nos. 212 to 224) are to be determined by the decision in this.

*Mr. Ira A. Campbell,* with whom *Mr. Edward J. Mc-Cutchen* and *Mr. A. Crawford Greene* were on the brief, for appellant.

·*Mr. Robert M. Searls,* with whom *Mr. George Lull* and *Mr. J. F. English* were on the brief, for appellees.

MR. CHIEF JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The sole ground urged for reversal is the invalidity of the assessment (a) because it was not authorized by any statute of the State and (b) because it did not contain a sufficient description of the property assessed, and we come to consider these objections under two headings.

(a) That the assessment was authorized by the following section of the Political Code of California we think is clear.

"Section 3647. Property and money in litigation. Money and property in litigation in possession of a county treasurer, of a court, county clerk, or receiver, must be assessed to such treasurer, clerk, or receiver and the taxes be paid thereon under the direction of the court."

Without following and directly answering the argument advanced to sustain the contrary view, we content ourselves with a summary statement of the reasons for our conclusion. Words cannot make clearer than does the language of the text the purpose of the section to tax property or money in litigation in the hands of a court. Indeed the Supreme Court of California has so construed the section. *Los Angeles* v. *Los Angeles City Water Co.,* 137 California, 699; *Bessolo* v. *City of Los Angeles,* 169 Pac. Rep. 372. It is further manifest that the taxation of the money deposited in the injunction suits. was what was sought to be accomplished by the assessment which was made. The money assessed was in litigation,

was in the custody of the court and was by its direction placed in the bank in a special account subject to the control of the court.  Moreover the assessment to the bank which held the money for the court was a direct compliance with the terms of the section, the description "receiver" being employed in the statute not in a technical sense but as embracing any person acting as agent or depository of funds for a court.  To give to the word the narrower meaning contended for would defeat the obvious and adjudged purpose of the statute.

(b) It is contended that the assessment was invalid for want of sufficient description of the property assessed, first, because the assessment purported to assess moneys impounded in the 1907 injunction suit, No. 14,275, when as we have seen no money was in fact deposited in that suit, and second, because the assessment did not separately assess the moneys impounded in each of the six suits but assessed as a unit all the moneys impounded in all the suits.

As to the first, it is apparent that the inclusion of the 1907 suit, No. 14,275, could not operate to assess moneys which had no existence and hence the reference to that suit is wholly negligible.  As to the second, the assessment referred to the cases by number and designated the court in which they were pending as well as the parties.  The court in exercising its jurisdiction over the moneys had specifically directed their deposit to special accounts in each suit separately, thus enabling it at the termination of the litigation to distribute the funds after apportioning the sum of the tax chargeable to each.  It is thus clear that not only was there no want of definiteness in the description of the property but no possible detriment to the Water Company could in any event arise because of the method of assessment which was followed.

*Affirmed.*