UNITED STATES v. FISHER et al.
GLEASON, Sheriff v. UNITED STATES et al.
Civ. No. 26263.

United States District Court
N. D. California, S. D.

Sept. 7, 1948.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., for plaintiff.

G. V. Curtis, San Francisco, Cal., for defendants.

LEMMON, District Judge.

This suit was brought by plaintiff to recover certain unpaid federal insurance contribution taxes and to collect certain withholding taxes assessed against defendants R. F. Fisher, W. F. Minehan and A. G. Magnuson, doing business as East Bay Ship Service, hereinafter called "taxpayers". The California Employment Stabilization Commission seeks to enforce liens for delinquent unemployment insurance contributions, and the Rix Company seeks to enforce a lien of attachment and execution. The fund upon which these asserted liens are sought to be impressed was derived from money owing to taxpayers from the Curtola Company, arising out of transactions between them as contractor and subcontractor. This fund amounts to $14,-513.24 and is impounded in the registry of the court pending the outcome of this action.

The parties hereto in their briefs agree that the statement of facts contained in

plaintiff's brief is fair and the following is a brief summary thereof.

On October 5, 1945, defendant, the Rix Company, Inc., brought action against taxpayers in the Superior Court of the State of California to recover $3,566.40 with interest and costs. On the same day a writ of attachment was issued and was levied upon Curtola Company on October 6, 1945. October 20, 1945 the sum of $3,566.40 was received by the Sheriff of Alameda County, California, from Curtola Company in obedience to the writ. March 8, 1946 the Superior Court of the State of California, in and for the City and County of San Francisco, entered its judgment in that action in favor of the Rix Company, Inc., against taxpayers for the sum of $3,566.-40 with interests and costs. On March 13, 1946 a writ of execution was issued in that action for the sum of $3,601.90 and was levied by the Sheriff, who then declined to pay the Rix Company the $3,566.40 because of intervening claims thereto of plaintiff and the State of California hereinafter set forth. The lien of the writ of attachment had never been released or discharged prior to the levy of the writ of execution.

December 14, 1945, certificate No. 0270 in the amount of $5,748.06 and certificate No. 0271 in the amount of $233.52 for delinquent unemployment insurance contributions were issued by the California Employment Stabilization Commission against taxpayers. On the same day the Commission issued warrants Nos. 053 and 054 against taxpayers. The warrants were delivered to the Sheriff of Alameda County on December 17, 1945 with instructions to levy on all accounts receivable in the hands of Curtola Company and belonging to taxpayers. The certificates were recorded and the warrants levied on the same day.

The Commissioner of Internal Revenue December 20, 1945 assessed federal withholding taxes for the 3rd quarter of 1945 against taxpayers in the sum of $9,517.02, after allowing a credit for the 4th quarter of 1945 in the sum of $1,019.10. The assessment list covering the total of these sums was received in the office of the Collector of Internal Revenue at San Francisco, California, December 26, 1945, and

the Collector issued Notice of Demand December 28, 1945.

January 15, 1946 Commissioner of Internal Revenue assessed federal insurance contribution taxes against taxpayers for the 3rd quarter of 1945 in the sum of $257.-78, after a credit allowance. On July 12, 1946 the Commissioner made a similar assessment in the amount of $10.81, after credit allowance. January 24, 1946 the assessment list for the 3rd quarter of 1945 taxes was received by the Collector of Internal Revenue in San Francisco, California, who issued Notice of Demands to taxpayers on the same date.

Again, March 29, 1946 the Commissioner assessed federal insurance contribution taxes against the taxpayers in the sum of $275.05; the assessment list therefor was received in San Francisco April 10, 1946 and Notice and Demand issued the same day.

California Employment Stabilization Commission issued on February 4th, 1946 certificate No. 0455 for delinquent unemployment insurance contributions for the 4th quarter of 1945 in the amount of $559.-48; said certificate was recorded in Alameda County February 9, 1946, and a warrant, No. 069, was delivered to the Sheriff who levied on the funds owing taxpayers by Curtola Company February 13, 1946. On December 11, 1946 warrants Nos. 053–A and 054–A were delivered to the Sheriff of Alameda County with instructions to levy on the fund then in his possession (the money heretofore received from Curtola Company as taxpayers' money), and said warrants were levied.

The interested parties hereto stipulated that the $14,513.24 in question here was due and owing the taxpayers by Curtola Company on October 5, 1945, the date the Rix Company sued taxpayers in the Superior Court.

The questions involved are: (1) Have liens been created on said fund in favor of each of the three claimants, the United States for unpaid withholding and social security taxes, the State of California for unemployment taxes and the claim of the Rix Company created by attachment and later by judgment and execution; (2) The

priority of said liens to the fund heretofore owing by Curtola Company to taxpayers and now in the registry of this court.

The liens considered herein are all of statutory origin, and, unless a preference is specifically granted by statute, priority would be governed entirely by the time of their creation. California Civil Code, Sec. 2897.

By statute the United States is given a lien on all property and rights to property belonging to a taxpayer who has not paid after demand a tax due it. 26 U.S.C.A. § 3670. The lien arises at the time the assessment list is received by the Collector of Internal Revenue unless a specific date is set by law, 26 U.S.C.A. § 3671, and no specific date is set by statute as to the tax liens claimed by plaintiff.

The claim of lien made by The Rix Company sets forth the proposition that when it obtained an execution and levy upon the money due taxpayers from Curtola Co. a lien was perfected in its favor and that this lien related back as a matter of time to the date the attachment was levied.

The California Civil Code, Sec. 2872 provides: "A lien is a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act." Section 2881 states: "A lien is created: 1. By contract of the parties; or, 2. By operation of law."

At common law, and as a matter of technical nicety, an attachment does not create a true lien, but through statute and modern interpretation it has apparently been given the efficacy of a lien. In California to create a lien by attachment on personal property, if it is capable of manuel delivery, possession is required. California Code of Civil Procedure, Sec. 542(3). Debts and credits must be attached by leaving a copy of the writ of attachment with the person owing the defendant the debt. California Code of Civil Procedure, Sec. 542(6).

The Rix Company on October 6, 1945 by virtue of the levy of the writ of attachment by the Sheriff on Curtola Company obtained a lien against the credit owing taxpayers by Curtola Company, and on October 20th, when the sum of $3,566.40 was delivered to the Sheriff by Curtola Company in response to the Writ, the Sheriff had a special lien on said sum dependent on possession. C.C. § 3057. This lien inured to the benefit of the Rix Co. for which the Sheriff was acting.

On December 17, 1945 while the Rix Co. was looking to its attached fund of $3,566.-40 for payment of its claim against taxpayers, the Sheriff levied against the sum of $10,946.84 remaining due taxpayers from Curtola Co. by virtue of Warrants 053 and 054 issued by the State of California in the sums of $5,748.06 and $233.52.

A lien was created in favor of the State of California against the fund of $10,946.-84, C.C.P. § 542(6) and Sec. 688, as the California Unemployment Insurance Act, Deering's General Laws Supplement, Act 8780d, Section 45.10b, provides that a warrant may be issued after a certificate is recorded for the collection of any amount required to be paid by the Act; the warrant to have the same effect as a writ of execution.

At the time the State of California obtained said lien, The Rix Co. was looking to its special lien created by attachment on the $3,566.40 and held by the Sheriff. Thus, two separate and distinct liens were created on two separate and distinct funds. No question of priority between Rix Co. and the State of California existed on December 26, 1948 when the United States enters as a claimant.

The State of California had the status of a judgment creditor who has obtained an execution based upon a judgment when the Sheriff executed its warrants. The Internal Revenue Code, 26 U. S.C.A. § 3672, provides that the United States' lien for taxes shall be invalid against a "judgment creditor" until notice of the lien has been filed by the collector. The State's lien on the $10,946.84 fund is therefore superior to that of the United States.

The State of California obtained a lien by virtue of the execution of the warrants on $5,748.06 and $233.52 of the funds ob-

tained by the Sheriff from Curtola Co. and belonging to taxpayers which is prior in time and therefore in right to the claims of plaintiff herein.

While normally the Rix Company would have by its attachment what is tantamount to a lien in modern jurisprudence, the Internal Revenue Code, 26 U.S.C.A. § 3672, gives the lien of the United States priority over all liens except in the case of a mortgagee, pledgee, purchaser, or judgment creditor, and against those classes if later in time to the filing of notice of lien of the United States.

■ This section of the Internal Revenue Code has been given a strict construction by the courts, and the mere fact that an attachment is prior in time to the lien of the United States for taxes is not sufficient to give the attaching creditor a preference as against the United States. Miller v. Bank of America, N.T. & S.A. et al., 9 Cir., 166 F.2d 415; MacKenzie v. U. S., 9 Cir., 109 F.2d 540. The creditor must have obtained his judgment, and in the case of personal property have execution levied thereon, before a lien capable of priority over that of the United States for taxes could be created. Execution was not had by Rix Company until March 13, 1946. Rix Company takes by attachment only the title held by its creditor and must necessarily be subject to the tax lien of the United States.

■ Therefore the lien of the Rix Company is junior to any lien of the United States for taxes created prior to judgment and execution by the company.

Since the Rix Company had a special lien by virtue of the seizure by the Sheriff of $3,566.40 under the Rix attachment there is no right in the Rix Company to a general lien against taxpayers' property. The State of California likewise holds a special lien by virtue of the levy of the warrants Nos. 053 and 054 to $5,748.06 and $233.52. Each party is limited to the special fund that has been set aside by virtue of the attachment and levy of the warrants.

The Rix Company not being a judgment creditor in the light of 26 U.S.C.A. § 3672 is junior to the claim of the United States on December 26, 1945 when the assessment list was filed by the Commissioner and to the lien of the United States for $9,517.02 and $1,019.10 of the taxpayers' money.

The State of California being in the nature of a judgment creditor perfecting its claim against taxpayers' personal property by the equivalent of execution and being prior in time to the lien of the United States for taxes and having execution on a fund other than that sought by the Rix Company is entitled to preference to the taxpayers' money in the amount of $5,748.-06 and $233.52.

For the reasons set forth above, the fund of $14,513.24 impounded in the registry of this court should be disposed of as follows:

1. The State of California to receive the sums of $5,748.06 and $233.52, a total of $5,981.58.

2. Plaintiff is entitled to the remainder of the sum $8,531.66.

It is unnecessary for me to proceed further in the determination of the priority of the various other liens alleged herein, inasmuch as the fund which is the subject of this action has been thus entirely disposed of.

Plaintiff to prepare findings of fact and conclusions of law in accordance with the local rule. Each party to bear its own costs.