[Civ. No. 17603.  Second Dist., Div. One.  Nov. 20, 1950.]

RICHFIELD OIL CORPORATION (a Corporation), Respondent, v. COUNTY OF LOS ANGELES et al., Appellants.

Harold W. Kennedy, County Counsel, John D. Maharg, Deputy County Counsel, Ray L. Chesebro, City Attorney, and Louis A. Babior, Deputy City Attorney, for Appellants.

Krystal & Paradise for Respondent.

DRAPEAU, J.—On the first Monday of March, 1943, Richfield Oil Company had accounts receivable from agencies of the United States government of $4,025,109.72. At the same time Richfield had accounts payable to agencies of the United

States government of $2,158,145.40. These accounts and agencies were:

Accounts receivable:

| | |
|---|---:|
| United States Army .....................$ | 2,164.71 |
| United States Army Air Forces ........... | 59,233.67 |
| United States Army Engineers ........... | 178,260.75 |
| United States Navy ..................... | 11,515.18 |
| United States Navy Bureau of Supplies and Accounts .......................... | 2,032,899.13 |
| United States War Department ........... | 749.24 |
| Defense Supplies Corporation ............. | 295,631.40 |
| Various departments of the United States Government, including Treasury Procurement Service War Shipping Administration ................................ | 481,719.13 |
| War Shipping Administration ............ | 22,649.23 |
| War Shipping Administration Time Charter hire, war bonus subsistence, wages, etc. | 940,287.28 |

Accounts payable:

| | |
|---|---:|
| War Shipping Administration Freight on Charter Voyages ...................$ | 682,949.60 |
| Defense Supplies Corporation Advance to be repaid out of sales or returned in cash if Richfield fails to deliver ............. | 1,475,195.80 |

A solvent credits tax was levied by the county of Los Angeles and the city of Los Angeles against the full amount of accounts receivable, without deduction of accounts payable.

Richfield paid under protest, and instituted this action to secure a refund of the tax paid on the amount in excess of the balance of the two accounts. The superior court found that the governmental agencies and instrumentalities were bona fide residents of California; that they were entities doing business in the state; that the debts owing to them were of the same class as Richfield's accounts receivable; and that Richfield's taxable solvent credits due from the United States government were $1,866,964.32, representing the "net balance" owing to plaintiff by the government.

From the judgment which followed the county and the city appeal.

Section 1 of article XIII of the Constitution of this state in part declares as follows:

"All property in the state except as otherwise in this Constitution provided, not exempt under the laws of the

United States, shall be taxed in proportion to its value, to be ascertained as provided by law, or as hereinafter provided. The word 'property,' as used in this article and section, is hereby declared to include moneys, credits, bonds, stocks, dues, franchises, and all other matters and things, real, personal, and mixed, capable of private ownership; provided . . . . The Legislature may provide, except in the case of credits secured by mortgage or trust deed, for a deduction from credits of debts due to bona fide residents of this state.''

In accordance with the Constitution, the Legislature enacted the following sections of the Revenue and Taxation Code:

Section 2153—which provides for the levy of a tax upon solvent credits.

Sections 112, 113, and 114—which define credits, solvent credits, and debts.

Section 447—which requires the taxpayer to show in his property statement to the assessor the amount of debts which he claims should be deducted from the solvent credits to be taxed.

Section 1060—which reads:

''Deduction of debts from solvent credits. A deduction of debts shall be made from the assessed value of solvent credits if a statement under oath showing the amount of the debts in the detail required by the assessor or, if the solvent credits are State assessed property, by the board is filed with the property statement.''

These sections set forth the legislative scheme of determination, assessment, and taxation of solvent credits. The state makes the levy; the taxpayer declares his solvent credits. And he declares his debts, for which he claims deduction. Deduction is made by the assessor, if the taxpayer makes his statement under oath: ''showing the amount of the debts in the detail required by the assessor.''

■ Richfield filed its return of property for assessment. The return listed accounts receivable and accounts payable. It did not compute and state in figures the amount of solvent credits to be taxed, after deduction of debts. The statement required by section 1060 was filed; the amount of debts claimed deductible was set out; and request was made for the allowance thereof.

It then became the duty of the assessor to credit the taxpayer for its bona fide debts, and to reduce by that much

the amount of solvent credits to be taxed. Failing in that duty, it was the province of the court to make the deduction, and to declare the amount of the tax.

The findings and judgment of the superior court were, therefore, proper, and within the letter and spirit of the law. (24 Cal.Jur. 204; *Bessolo* v. *City of Los Angeles,* 176 Cal. 597 [169 P. 372].)

As this court understands them, appellants' contentions are three-fold:

(1) That the debts owing by Richfield were not unsecured liabilities of the same class as the debts owing to Richfield by the government.

(2) That neither the government, nor the Defense Supplies Corporation, nor the War Shipping Administration, is a bona fide resident of California, within the meaning of the word "residents" as used in article XIII, section 1, of the California Constitution.

(3) That California's legislation is unconstitutional, insofar as section 114 of the Revenue and Taxation Code includes debts owing to persons doing business in this state.

■ As to the first proposition: Section 113 of the Revenue and Taxation Code defines solvent credits as "all credits except notes, bonds, and debentures." This puts in the same class bills payable and receivable as shown in Richfield's return.

■ As to the second proposition: The stipulated facts recite that transactions between the governmental agencies and Richfield were within the State of California. This brings the accounts within section 114, which defines "debts" as "unsecured liabilities . . . owing . . . to persons doing business in this State."

So the case comes down to appellants' third contention, that when our Constitution says bona fide residents, it means actual residents of the state and not persons living in other states doing business here; that, therefore, the last eight words:—"or to persons doing business in this State."—of section 114 are unconstitutional.

Appellants point out that in tracing the history of section 1060, prior legislation limited the deduction from solvent credits to debts due to "bona fide residents of this State;" that in 1941, at the time of the codification and enactment of the Revenue and Taxation Code, the words "to bona fide residents" were deleted from what became section

1060; and thus necessitated a reference to section 114 of the Revenue and Taxation Code, which added "or to persons doing business in this State."

This court holds that our California Constitution does not deny to the legislative power the right to permit taxpayers to deduct from solvent credits debts due to persons doing business here, but living elsewhere. To ascertain the taxable amount of solvent credits, taxpayers' debts to persons doing business in this state are deductible, without regard to the domicile of such persons.

This is but a fair and logical construction of the tax obligations of persons domiciled in California who do business with other persons domiciled in any of the states of our Union. It is the duty of this court to give force and effect to the statutes of the state unless clearly unconstitutional. (*London G. & A. Co., Ltd.* v. *Industrial Acc. Com.,* 203 Cal. 676 [265 P. 825].) Such acts are to be given a construction consistent with validity; a presumption of constitutionality protects every legislative act. (*People* v. *Globe Grain & Mill Co.,* 211 Cal. 121 [294 P. 3].)

This view of the law renders it unnecessary to discuss the proposition, argued at length in the briefs, as to when deductions of debts from solvent credits may be made. From the point of view of the businessman, it may perhaps be thought more expeditious for a taxpayer to strike his own balance of his debit and credit accounts, and to return such balance to the assessor. However, section 1060 of the Revenue and Taxation Code requires the assessor to determine and state the taxable amount of solvent credits. This court is in accord with the law, because it is in the public interest to have the assessor ascertain and determine the bona fides of debts claimed deductible from solvent credits. (See *Whiting Finance Co.* v. *Hopkins,* 199 Cal. 428 [249 P. 853]; and *Whiting Finance Co.* v. *Hopkins,* 115 Cal.App. 756 [2 P.2d 461].)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 18, 1951.