[Civ. No. 20997.   Second Dist., Div. One.   Dec. 16, 1955.]

DOUGLAS AIRCRAFT COMPANY, INC. (a Corporation), Respondent, v. THE COUNTY OF LOS ANGELES et al., Appellants.

Harold W. Kennedy, County Counsel, and Gordon Boller, Deputy County Counsel, for Appellants.

Frederick E. Hines, John A. Dundas and Harrison J. Hall for Respondent.

NOURSE (Paul), J. pro tem.*—This is an action by plaintiff Douglas Aircraft Company, to recover from defendants taxes paid under protest to the county of Los Angeles. These taxes were assessed on the county's own account and on the account of the two municipalities named as defendants. The general demurrer of the defendants was overruled with leave to answer. The defendants did not answer and judgment was rendered and entered in favor of the plaintiff in accordance with the prayer of the complaint.

The parties are agreed that the statement of facts made by the appellant in its brief is correct and contains the facts essential to the determination of this appeal. That statement is as follows:

"Douglas Aircraft Company made regular property statement to the County Assessor for tax purposes during the assessment season of 1953. It listed in such statement its

*Assigned by Chairman of Judicial Council.

taxable solvent credits of $68,690,200, and claimed a deduction of $14,406,099.48 therefrom on account of purported 'debts', the same being the amount of its income taxes due the United States. The Assessor did not consider that such income taxes constituted deductible 'debts' and denied the claimed deduction and assessed Douglas Aircraft Company on account of solvent credits in the full amount of $68,690,209. Application to the County Board of Equalization was duly made for reduction of the assessment and heard and denied. The complaint asserts over-assessment of plaintiff's solvent credits in the amount of the income taxes thus not deducted and claims refund of an amount equal to the taxes on the amount of the asserted over-assessment, to-wit, taxes of $14,406.09.''

The sole question involved in this appeal is: Are income taxes due to the federal government debts owing by the assessee to a bona fide resident of this state or to a person doing business within this state, within the meaning of section 1 of article XIII of the Constitution of this state, and of sections 112-114 of the Revenue and Taxation Code? We have come to the conclusion that this question must be answered in the negative, and the judgment entered against the defendants reversed.

So far as pertinent here, section 1 of article XIII of the Constitution of this state provides that all property in the state, except as otherwise provided, shall be taxed in proportion to its value and that the Legislature may provide for a deduction from credits of all ''*debts*''[1] due to *bona fide residents* of this state.

Section 112 of the Revenue and Taxation Code reads in part as follows:

'' 'Credits' means solvent debts *owing to the assessee,* . . .''[1]

Section 114 defines ''debts'' as follows:

'' 'Debts' means unsecured liabilities *of the same class as is subject to taxation* owing by the assessee to bona fide residents of this State, or to persons doing business in this State.''[1]

Appellants argue that a tax is not a debt. Respondent argues that a tax may be a debt but that in any event section 114 refers to liabilities and not to debts, and that a tax is a liability.

It is unnecessary to review the decisions which, in order

[1]Emphasis added.

to accomplish a legislative intent under the statutes thereunder reviewed, have treated taxes as debts and sometimes termed them "debts." These cases are not controlling here, but are limited to the facts and the statutes there before the court.

The Constitution only gives the Legislature the right to permit the deduction of debts from credits and we must assume that the Legislature did not intend to transcend the authority granted it by the Constitution. ■ The word "liability" is of much broader meaning that the word "debts," but includes debts. While a debt is a liability, there are many liabilities that are not debts (for an example, the liability for a tort).

■ The fact, therefore, that an income tax due to the government of the United States is a liability of the taxpayer does not mean that it is a debt of the taxpayer within the meaning of the statute. In defining debts, section 114 does not define them merely as unsecured liabilities, but as liabilities of the same class as are subject to taxation. The liabilities which are subject to taxation (Rev. & Tax. Code, §§ 111-112) are unsecured debts owing to the assessee, and it is only that form of intangible property which is subject to taxation (*Roehm* v. *County of Orange*, 32 Cal.2d 280 [196 P.2d 550]). ■ A tax could not be owing to a person subject to tax liability, consequently, the liability to pay a tax could not be one of the same class as is subject to taxation.

■ Assuming, however, that such a tax liability is a debt within the meaning of the Constitution and the statute, it is not one owing to a bona fide resident of this state or to a person doing business in the state. The government of the United States, in levying income tax, is not engaging in business. ■ The power to tax is an incident of its sovereignty and one of the powers delegated to it, and when the government exercises that power it is exercising its sovereign power and is in no sense engaging in business. (*Graves* v. *Schmidlapp*, 315 U.S. 657, 660 [62 S.Ct. 870, 86 L.Ed. 1100, 141 A.L.R. 948]; *McCulloch* v. *State of Maryland*, 4 Wheat. (U.S.) 316, 329 [4 L.Ed. 579, 607].)

The United States exercises this sovereign power throughout the territory subject to its sovereignty and over the residents of that territory. It does not migrate from state to state in the exercise of this power, but all states are embraced within the United States and are an integral part of it insofar as the exercise by it of its delegated powers is

concerned. There is no basis, therefore, upon which it can be held that in the exercise of its sovereignty it becomes a resident of any state.

The United States Supreme Court, it is true, has held, in order to effectuate a legislative intent to make all income of domestic origin subject to income tax, that the United States is a person and, as such, a resident of the United States (*Helvering* v. *Stockholm Enskilda Bank,* 293 U.S. 84 [55 S.Ct. 50, 79 L.Ed. 211]). That decision, however, is, by its very terms, limited to the facts and the statute there involved, and is not applicable here.

The income tax which the respondent sought to set off against its solvent credits not being a liability of the same class as those solvent credits, and the United States not being a resident of this state or a person doing business in this state, the complaint did not state a cause of action.

*Richfield Oil Corp.* v. *County of Los Angeles,* 100 Cal. App.2d 535 [224 P.2d 398], upon which respondent heavily relies is not in conflict with what we have here held. In the cited case a number of the solvent credits shown in Richfield's tax return to the county assessor for the year 1943 were debts due it from certain agencies of the federal government. Through these agencies the United States had, in carrying out one of its delegated sovereign powers, engaged in, what, under other than a state of war or an emergency, would have been ordinary commercial enterprises (the operation of and chartering of ships for the transportation of both government and private cargoes; the purchase and sale of commodities). These agencies, the Defense Supplies Corporation and the War Shipping Administration, had each established offices in California for the purpose of carrying out their respective functions. Richfield had there contracted with both agencies and as a result of those contracts the agencies were, on the first Monday in March, indebted to Richfield in a total amount in excess of $3,700,000, and Richfield was indebted to the agencies in a total amount in excess of $2,158,000. This amount owed by Richfield was a debt due from it as defined by section 114, Revenue and Taxtion Code, and would have been taxable to the agencies as a credit owing to them arising out of business transacted in this state (Rev. & Tax. Code, § 1056), except for the fact that as agencies of the United States they were not subject to the payment of taxes levied by the state. In other words, the debts offset against solvent credits in the cited case

were bills payable arising out of contracts made in the state in a commercial transaction with entities doing business in the state, and those solvent credits were bills receivable arising out of the same, or same class of, contracts. None of the factors which we have pointed out as being present in the Richfield case are present here.

What we have said makes it unnecessary to consider the other points raised by the appellants.

The judgment is reversed.

White, P. J., and Doran, J., concurred.