[Civ. No. 21617.   Second Dist., Div. One.   July 17, 1956.]

LINDSAY COLEMAN HOWARD, Appellant, v. CITY OF LOS ANGELES et al., Respondents.

Franklin W. Peck for Appellant.

Roger Arnebergh, City Attorney, Spencer L. Halverson, Deputy City Attorney, Harold W. Kennedy, County Counsel, and Gordon Boller, Assistant County Counsel, for Respondents.

WHITE, P. J.—Plaintiff appeals from the judgment dismissing his action after the demurrer to his amended complaint was sustained and he refused to further amend. The object of the action is to recover taxes on certain jewelry for the years 1953 and 1954 paid by appellant to the city of Los Angeles and county of Los Angeles. The facts alleged in the complaint are deemed true and the following is a summary of the pertinent allegations.

The jewelry was purchased by appellant in 1943 while he and his wife were residents of Beverly Hills in Los Angeles County. An action for divorce and other relief was commenced by his wife in April 1951, while both parties were still residents of Los Angeles County. In June of the same year appellant moved to, and became a resident of, Ventura County. In July 1952, his wife appealed from the portion of the interlocutory judgment of divorce which awarded said jewelry to appellant as his sole and separate property, and in August 1952, pursuant to court order staying execution in accordance with section 943 of the Code of Civil Procedure, she delivered all of said jewelry to the clerk of Los Angeles County.

Taxes for the years 1953 and 1954 were assessed to said county clerk and paid by appellant under protest. The District Court of Appeal affirmed the judgment that appellant was the owner of the jewelry. (*Howard* v. *Howard*, 128 Cal. App.2d 180 [275 P.2d 88].) The remittitur was issued and

filed with the clerk of the Superior Court of Los Angeles County on December 20, 1954. Thereafter appellant procured an order to show cause and a further order of court directing delivery of the jewelry to him. On March 4, 1955, all of said jewelry was delivered to him and removed by him to Ventura County. If appellant "had not been prevented from removing said jewelry to the county of his residence and where he maintains his home, namely, said Ventura County, he would, in June, 1951, have moved it to said County of Ventura."

We have purposely omitted the statements of contentions and conclusions alleged in the complaint as the demurrer does not give to them the status of admitted facts, as urged by appellant. (*Connecticut General Life Ins. Co.* v. *Johnson,* 8 Cal.2d 624, 628-629 [67 P.2d 675].)

Much of appellant's briefs is based upon the assumption that the impounding of the jewelry with the clerk of Los Angeles County *removed* it from the domicile of its owner in Ventura County. However, since the record on the instant appeal fails to disclose that the jewelry was outside of Los Angeles County at any time between 1943 and 1955, we need not consider the arguments based upon that assumption.

The question to be decided is not what effect the removal of jewelry from the residence of its owner would have upon its situs for taxation, but the effect, if any, of the removal of the owner from the tax situs of his jewelry. Appellant's change of residence in June 1951, leaving the jewelry in the possession of his wife in Los Angeles County did not end the right of Los Angeles County to tax it. The deposit of the jewelry in the custody of the clerk of Los Angeles County, therefore, did not remove the jewelry from any former tax situs, but kept it in Los Angeles County, where it had been continuously from 1943.

"All property, except as otherwise in this Constitution provided, shall be assessed in the county, city, city and county, town or township, or district in which it is situated, in the manner prescribed by law." (Const., art. 13, § 10.)

"Property in litigation in possession of a county treasurer, court, county clerk, or receiver shall be assessed to the officer in possession, and the taxes shall be paid under the direction of the court." (Rev. & Tax. Code, § 983.)

Appellant urges further that the fact that he did not consent to the impounding of the jewelry in Los Angeles

County nullifies the provisions of section 983, last above quoted. This court is aware of the fact that much of the property *in custodia legis* has been impounded against the will of its owner. The statute provides the method of taxing that property. The consent of the owner is not a prerequisite. In the instant action, as in many such cases, the ownership of the property was the very question in issue. The jewelry was properly taxed by Los Angeles County as required by said section 983. (*City of San Luis Obispo* v. *Pettit*, 87 Cal. 499 [25 P. 694]; *City of Los Angeles* v. *Los Angeles City Water Co.*, 137 Cal. 699, 702 [70 P. 770]; *Bessolo* v. *City of Los Angeles*, 176 Cal. 597, 599 [169 P. 372].)

The judgment is affirmed.

Doran, J., and Fourt, J., concurred.