[Civ. No. 22012. First Dist., Div. Two. June 24, 1965.]

UNITED STATES OVERSEAS AIRLINES, Plaintiff and Respondent, v. COUNTY OF ALAMEDA et al., Defendants and Appellants.

J. F. Coakley, District Attorney, Richard J. Moore, Assistant District Attorney, Jacob Levitan and John A. Lewis, Deputy District Attorneys, Hilton J. Melby, City Attorney, and George H. Cahalan, Assistant City Attorney, for Defendants and Appellants.

Yovino-Young & Whitton and John J. Dunn for Plaintiff and Respondent.

TAYLOR, J.—The County of Alameda and the City of Oakland appeal from an adverse judgment overruling their demurrer to the airline's cause of action for the recovery of personal property taxes paid under protest on a DC-6 airplane that had been seized under a levy of attachment by the county sheriff before the tax lien date. There is no dispute concerning the facts and the parties have stipulated that the only question on appeal is the construction of the applicable statutes. The trial court concluded that pursuant to section 983 of the Revenue and Taxation Code, the airplane was ''property in litigation'' rightfully assessed to the county sheriff. The appellants contend that pursuant to section 405 of the Revenue and Taxation Code, the airplane should have been assessed to the respondent airline. The question presented is one of first impression.

The airline's complaint alleged that on Monday, March 5, 1962, DC-6 airplane No. N 37569 was assessed at $300,000 and the airline billed for $4,500 in personal property taxes for the July 1, 1962-June 30, 1963 fiscal year and that it paid the tax under protest. The airplane in question had been seized on November 3, 1960, under a levy of attachment obtained by a creditor of the airline. The attachment continued in full force and effect until released by the creditor on May 15, 1963, when the airplane was immediately flown to New Jersey.

The relevant provisions of the Revenue and Taxation Code read as follows: Section 983: ''Property in litigation in possession of a county treasurer, court, county clerk, or receiver shall be assessed to the officer in possession, and the taxes shall be paid under the direction of the court.''

Section 405: ''Annually, the assessor shall assess all the taxable property in his county, except State assessed property, to the persons owning, claiming, possessing, or controlling it at 12 o'clock meridian of the first Monday in March. The assessor shall ascertain such property between the first Mondays in March and July.''

The only question presented is whether the airplane was property ''in litigation'' and assessable to the sheriff under section 983. If not, it is agreed that it was properly assessable to the respondent airline (state Const., art. XIII, § 8; Rev. & Tax. Code, § 405; *Three G Distillery Corp.* v. *County of Los Angeles,* 46 Cal.App.2d 498 [116 P.2d 143]; *Sherman* v. *Quinn,* 31 Cal.2d 661 [192 P.2d 17]). We are not here

concerned with whether the airline or the attaching creditor will ultimately be liable for the tax under section 405 of the Revenue and Taxation Code.

Respondent contends that the attached airplane was "in litigation" under section 983 because it had been subjected to legal process (Civ. Code, § 3057) and was in the custody of the law (*Kimball* v. *Richardson-Kimball Co.,* 111 Cal. 386, 394 [43 P. 1111]). ██ We think that something more than a mere showing that property is in the custody of the law is required before section 983 becomes applicable. ██ The generally accepted definition of "in litigation" includes the element of a dispute or contest.[1] ██ "Property in litigation" would, of course, include property that is the very subject matter of a pending legal action. It would refer to property, or the increments thereof, where either ownership or the right to possession is in question and in the process of judicial determination. ██ The uncertainty of the property's status as the subject in controversy requires that it be assessed to the legal custodian in possession as provided in section 983.[2]

The cases interpreting section 983 and its predecessor, Political Code section 3647,[3] definitely support this view: *Howard* v. *City of Los Angeles,* 143 Cal.App.2d 195 [299 P.2d 294]; *Bessolo* v. *City of Los Angeles,* 176 Cal. 597 [169 P. 372]; *City of Los Angeles* v. *Los Angeles City etc. Co.,* 137 Cal. 699 [70 P. 770]; *Mosee* v. *Firemen's Ins. Co. of Newark,* 87 Cal.App. 473 [262 P. 436]; *City of San Luis Obispo* v. *Pettit,* 87 Cal. 499 [25 P. 694]; *People* v. *Lardner,* 30 Cal.

[1]Webster's Third New International Dictionary, page 1322; Black's Law Dictionary, Third Edition, page 1124.

[2]While the state Constitution provides that all property shall be assessed where it is situated in the manner provided by law (Const., art. XIII, § 10), the Legislature recognized that certain property, by reason of its status or nature, requires special treatment. Thus, chapter 5, part 2, division 1 of the Revenue and Taxation Code is entitled "Special Types of Property"; section 981 deals with property consigned for sale; section 982, with undistributed property of decedents; section 983, litigated property in possession of a court or court officers. The remaining portions of the chapter deal with water ditches for mining and toll roads (§ 984); inter-county toll bridges (§ 985); unsold art work (§ 986); goods in transit (§§ 1016-1022); intangibles (§§ 1056-1064); rolling stock (§§ 1101-1104); vessels (§§ 1136-1141).

[3]Section 3647 read as follows: "Money and property in litigation in possession of a County Treasurer, of a Court, County Clerk, or Receiver, must be assessed to such Treasurer, Clerk, or Receiver and the taxes be paid thereon under the direction of the Court."

242; *Spring Valley Water Co.* v. *City & County of San Francisco,* 225 F. 728 [140 C.C.A. 209], affirmed 246 U.S. 391 [38 S.Ct. 356, 62 L.Ed. 790].

In *Spring Valley Water Co.* v. *City & County of San Francisco, supra,* 225 F. 728, the court ordered money representing the excess of rates charged and collected by the water company over those allowed by the city ordinance to be impounded in a bank pending the determination of the validity of the ordinance. It was held that the property was ''in litigation'' under section 3647, and thus assessable to the bank as a receiver. The court said: ''The money impounded constitutes the very essence of the controversy. It is the very thing about which the parties are not agreed respecting title and right of possession; hence the suit, and hence the litigation to determine their rights respecting it. The money, therefore, may properly be said to be in litigation.'' (P. 731.)

 In the instant case, the property involved was clearly not ''in litigation.'' There was no disagreement concerning the plane's ownership or title. All concede respondent airline's ownership. The airplane was not in the possession of the sheriff because of any dispute concerning its status but rather as the result of a process ancillary (Code Civ. Proc., §§ 537, 538) to the main proceeding between the airline and its creditor. The purpose of the attachment was to secure the satisfaction of any judgment the creditor might recover. Its release could have been obtained by the airline at any time on giving other court-approved security (Code Civ. Proc., §§ 537, 554, 555) or by the creditor[4] independently of any further judicial direction or proceeding or without regard to the final determination of the controversy between the parties.

 Not only was the airplane not ''in litigation'' but it was also not in the possession of any of the depositaries listed in section 983. The sheriff is not among those designated by the statute nor does the sheriff's levy bring the property within the ''possession'' of the court. The issuance of the writ by the clerk and its levy by the sheriff are ministerial acts, not judicial proceedings (*Wheeler* v. *Farmer,* 38 Cal. 203, 216; *Hayward Lumber & Inv. Co.* v. *Biscailuz,* 47 Cal.2d 716, 721 [306 P.2d 6]). A sheriff serving a writ of attachment is an officer of the court (*Sparks* v. *Buckner,* 14 Cal.App.2d 213, 220 [57 P.2d 1395]) but is not its agent. He

---

[4]As pointed out above, the record shows that the attachment was in fact released by the creditor before the expiration of the three-year statute of limitations.

is the agent of the attaching creditor and the attached property in the custody of the sheriff is constructively in the possession of the attaching creditor (*McCaffey Canning Co., Inc.* v. *Bank of America,* 109 Cal.App. 415, 423 [294 P. 45]).
The levying officer acquires only a special lien dependent on possession which authorizes him to hold the property (Civ. Code, § 3057; Code Civ. Proc., § 542) for the benefit of the attaching creditor (*United States* v. *Fisher,* 93 F.Supp. 73, 75). An attachment does not affect the general title of the owner of property who retains the power to sell or assign subject to the attachment (6 Am.Jur.2d, Attachment and Garnishment, § 459, p. 881; § 503, p. 918). Thus, the sheriff's possession under attachment is clearly distinguishable from the situation where a *subject in dispute* is ordered deposited with the court and remains under court control pending a judicial determination of the litigants' claims.

Respondent, relying on *Spring Valley Water Co.* v. *San Francisco, supra,* argues that the sheriff is a ''receiver'' under the provisions of section 983. There the court reasoned, in construing Political Code section 3647, that the statutory term ''receiver'' should not be employed in its technical sense but should embrace any depositary of funds for the court. It was held that the trial court's order directing the funds in dispute to be placed in banks subject to court control was tantamount to the appointment of a receiver. But even if we adopt such liberal interpretation, the receivership is still created by the appointment of the court (Code Civ. Proc., § 569), is under the court's control, and is clearly not a substitute for nor the equivalent of an attachment (*Rogers* v. *Smith,* 76 Cal. App.2d 16, 21 [172 P.2d 365]). A receiver is an officer or representative of the court appointed to take charge of and manage property which is *subject to litigation,* for the purpose of preserving it and ultimately disposing of it pursuant to final judgment. A receiver is not an agent of either party to the action but represents all persons interested in the property involved (42 Cal.Jur.2d, § 2, pp. 334-335).

The appeal from the order overruling the demurrer to the second cause of action is dismissed.

The judgment is reversed.

Appellants to recover costs on appeal.

Shoemaker, P. J., and Agee, J., concurred.